PER CURIAM:
 

 Futuronics Corporation and Albert A. Blanck, its president, appeal from the district court’s order dismissing their complaint against Maj. Gen. Chester M. McKeen, Jr., Col. Philip Cole and Paul Cyr. The district court ruled,
 
 inter alia,
 
 that appellants’ claims were barred by the applicable statute of limitations. We agree and affirm on that ground alone.
 

 
 *818
 
 I.
 

 Between 1968 and 1974, Futuronics was awarded eighteen contracts with various agencies of the Department of Defense (DOD) representing $37 million of business. By 1973, problems had arisen regarding Fu-turonics’ inability to meet the production and delivery schedules under some of the contracts.
 
 [1]
 
 Futuronics’ continued failure to perform led to termination of the contracts, and on January 3, 1975, Futuronics filed a petition under Chapter XI of the Bankruptcy Act.
 

 Futuronics appealed the termination of its contracts to the Armed Services Board of Contract Appeals. In its administrative complaint, dated October 18,1976, Futuron-ics alleged that DOD officials caused its financial destruction by terminating the contracts. The complaint quotes language from an internal DOD memorandum which states in part that: “It was determined that it was in the Government’s best interest to step back and let the contractor go bankrupt.” After preliminary discovery and prehearing conferences, the Board consolidated Futuronics’ appeals into one proceeding “for trial and resolution of all subsidiary issues as well as the ultimate issue of whether the Government caused [Futu-ronics’] bankruptcy.”
 

 On November 10, 1976, while Futuronics’ claims were still pending before the Board, Futuronics instituted an action against the government for breach of one of its contracts in the United States Court of Claims. That complaint alleges that the government wrongfully withheld progress payments due under the contract, refused to negotiate adjustments to the contract, knew that termination of the contract “would seriously impact on [Futuronics’] ability to continue as a viable business concern,” and that Fu-turonics’ inability to satisfy the contract requirements was due to the poor technical data furnished by the government.
 

 In this action filed on February 23, 1982, Futuronics claims that in March of 1981, the government released internal DOD correspondence and memoranda, which allegedly should have been given to Futuron-ics as early as 1975 under the Freedom of Information Act, pursuant to a request by a subcontractor of Futuronics. According to appellants, these documents establish that it was “the McKeen approach” or the “game plan” to retaliate against appellants for exposing gross misfeasance in the government’s technical data package, to drive Futuronics out of business and destroy the business reputation of Blanck, and to impede all investigations into this matter by the means of a deliberately planned cover-up. These documents include the DOD internal memorandum from which Futuron-ics quoted in its 1976 complaint before the Armed Services Board of Contract Appeals.
 

 Appellants instituted this action seeking $36 million in compensatory and punitive damages against McKeen, Cole, and Cyr, in their individual capacities, for allegedly violating their constitutional rights by conspiring to destroy the business of Futuronics and the business reputation of Blanck. The complaint alleges that appellees knew that the government’s technical data package was inadequate and in order to cover up this matter, formulated a “game plan” to withhold progress payments, to disseminate false and misleading information, and to withhold documents, thereby causing Futu-ronics to file for bankruptcy. Appellees moved to dismiss the complaint, and the district court granted their motion in part because appellants’ claims were barred by the applicable statute of limitations.
 
 [2]
 

 
 *819
 
 II.
 

 On appeal, appellants contend that their cause of action did not accrue until March, 1981, and that, therefore, this action is timely. We disagree.
 

 Appellants allege that their cause of action arises under the First and Fifth Amendments and that jurisdiction is based on 28 U.S.C. § 1331(a). Since neither the amendments nor the federal statute contain a statute of limitations, the most closely analogous state statute of limitations applies.
 
 Johnson v. Railway Express Agency,
 
 421 U.S. 454, 462, 95 S.Ct. 1716, 1721, 44 L.Ed.2d 295 (1975).
 

 We find, and the parties do not dispute, that the statute of limitations applicable to this case is Va.Code § 8.01-243 (1977 Rep.Vol.), which establishes a two-year limitations for personal injury actions and a five-year limitations for property damage actions. In addition, we find that the district court correctly determined that the time when a cause of action accrues is governed by federal, not state, law.
 
 Campbell v. Haverhill,
 
 155 U.S. 610, 15 S.Ct. 217, 39 L.Ed. 280 (1895);
 
 Bridgford
 
 v.
 
 United States,
 
 550 F.2d 978, 981 (4th Cir.1977);
 
 Portis v. United States,
 
 483 F.2d 670, 672 n. 4 (4th Cir.1973). Furthermore, the district court was correct in holding that the statute of limitations does not begin to run until the plaintiff discovers, or by the exercise of due diligence should have discovered, the facts forming the basis of his cause of action.
 
 Holmberg v. Armbrecht,
 
 327 U.S. 392, 396-97, 66 S.Ct. 582, 584, 90 L.Ed. 743 (1946);
 
 Fitzgerald v. Seamans,
 
 553 F.2d 220 (D.C.Cir.1977).
 

 In
 
 Fitzgerald v. Seamans, supra,
 
 the plaintiff brought suit in 1974 against federal officials alleging that they conspired to violate his constitutional and statutory rights by wrongfully terminating his employment with the Air Force in 1970 in retaliation for his congressional testimony. The plaintiff contended that his action was not barred by the applicable three-year statute of limitations because the defendants fraudulently concealed their unconstitutional acts. The District of Columbia Circuit held that Fitzgerald’s action was time-barred since documents filed by him in a 1970 proceeding before the Civil Service Commission “demonstrate[d] that, by 1970, he had facts sufficient to put him on notice of the conspiracy by the Air Force appellees to retaliate against him for his congressional testimony.”
 
 Id.
 
 at 228.
 

 As in
 
 Fitzgerald
 
 v.
 
 Seamans, supra,
 
 documents filed by Futuronics in 1976 before the Armed Services Board of Contract Appeals and in the Court of Claims reveal that appellants were “on notice,” at least by that time, of appellees’ alleged constitutional torts. In 1976, appellants knew that the government’s technical data package was allegedly inadequate, that adjustments had been denied and that progress payments had been withheld because Futuronics alleged this in its complaint filed in the Court of Claims on November 10, 1976. They knew then of the DOD internal memorandum concerning the decision “to step back and let the contractor go bankrupt” because Futuronics quoted from it in its complaint dated October 18, 1976, before the Armed Services Board of Contract Appeals. They knew in 1976 that Futuronics was bankrupt because Futuronics filed a petition under Chapter XI of the Bankruptcy Act on January 3, 1975. They knew that the ultimate issue before the Armed Services Board of Contract Appeals was “whether the Government caused [Futuronics’] bankruptcy” because the Board consolidated all of Futuronics’ appeals into one proceeding for trial and resolution of that issue.
 

 In the present action, the gravamen of the complaint is that appellees conspired to cause the financial destruction of Futuron-ics. Appellants’ allegations of tortious conduct are necessarily intertwined with their contractual claims before the Armed Services Board of Contract Appeals and in the Court of Claims. It is not necessary that appellants knew, in 1976, all of the persons
 
 *820
 
 involved in, or all of the details of, appel-lees’ alleged torts. Appellants’ action is time-barred as long as they were “on notice” of the conduct about which they complain.
 
 Id.
 
 at 229. We hold that appellants had, by 1976, sufficient information to put them on notice of the instant cause of action and that the district court was correct in dismissing the action as time-barred under the applicable statute of limitations. Because of our holding, we find it unnecessary to reach the other issues raised on appeal.
 

 Accordingly, the judgment of the district court is affirmed.
 

 AFFIRMED.
 

 [1]
 

 . Performance of these contracts by Futuronics was dictated by specifications and technical data, which were prepared and furnished by the government, as well as by the utilization and inclusion in the end products of government samples and government-furnished property. Delivery dates and specific periods of performance were established by the government, with the government warranting that the property furnished by it was satisfactory for its intended purpose and application.
 

 [2]
 

 . Because matters outside the pleadings were presented to and not'excluded by the district court, we treat the motion as one for summary judgment. F.R.Civ.P. 12(b).