866 F.2d 1415
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Robert E. CHAPMAN, Sr.; Lillian Chapman, his wife,
Plaintiffs-Appellants,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 88-3100.
 United States Court of Appeals, Fourth Circuit.
 Argued: Dec. 5, 1988.
Decided: Jan. 30, 1989.
Rehearing Denied Feb. 28, 1989.
 
 George Albert Daugherty (Daugherty, Tantlinger & Daugherty, on brief), for appellants.
 Gary Edward Pullin, Assistant United States Attorney (Michael W. Carey, United States Attorney, on brief), for appellee.
 Before SPROUSE and CHAPMAN, Circuit Judges, and HAYNSWORTH, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 This medical malpractice action, premised upon allegations of improper treatment by physicians of the Veterans Administration, was dismissed as time barred. On Chapman's appeal, we affirm.
 
 
 2
 Chapman suffered a bullet wound in his right hand and arm while fighting against the Japanese on Okinawa in 1945. He has been receiving payments for partial disability of the right arm, and, until May 19, 1979, was consulting physicians of the Veterans Administration with complaints of pain in various parts of his body. On that date in 1979, he was told there was nothing more the physicians could do for him and that he need not be seen again at the Veterans Administration hospital.
 
 
 3
 In early May 1982, Chapman filed a written request for a copy of his medical file. On the request was a handwritten notation that Chapman was considering a "possible tort claim." On June 14, 1982, Chapman informed an employee at the Veterans Administration that he planned to sue the Veterans Administration upon a charge of negligence.
 
 
 4
 Chapman alleges that in May 1983 he was informed by a Dr. Rosner that Chapman was suffering from "ankylosing spondylitis" that Dr. Rosner attributed to infection from the right hand and arm following the gunshot wound in 1945. In a letter in June 1983, Dr. Rosner expressed the opinion that physicians at the Veterans Administration had not properly diagnosed or treated Chapman's condition.
 
 
 5
 Chapman, however, filed no administrative claim under the Federal Tort Claims Act until May 2, 1985. The complaint in this action was not filed until May 1987. It was dismissed as time barred under 42 U.S.C. Sec. 2401(b).
 
 
 6
 A medical malpractice action under the Federal Tort Claims Act accrues when the plaintiff knows the critical facts as to the existence and cause of his injury. United States v. Kubrick, 444 U.S. 111 (1979). See also Blanck v. McKeen, 707 F.2d 817, 819 (4th Cir.), cert. denied, 464 U.S. 916 (1983).
 
 
 7
 It is clear that Chapman knew of the pain he was allegedly suffering long before 1979, for he had been complaining to physicians at the Veterans Administration about it. It is not so clear when he had enough information to require the exercise of diligence to discover the cause of his pain. There is no dispute, however, that Chapman had in his possession a copy of his entire medical file at the Veterans Administration hospital within a few days of May 5, 1982. With the entire file in his hands, he should have discovered the cause of his pain in the ensuing two years. It is no answer to say that Chapman had been told by physicians at the Veterans Administration that there was nothing wrong with him. If Chapman was suffering the pain he alleges, he knew that something was amiss. At least after receipt of his medical file, Chapman had a duty to diligently search for the cause of his pain. Waits v. United States, 611 F.2d 550 (5th Cir.1980). Chapman's statement in June 1982 that he was considering an action against the Veterans Administration is an indication of Chapman's own suspicion of malpractice. Chapman even had Dr. Rosner's report on May 5, 1983, but still did nothing until he filed his administrative claim on May 2, 1985, and did not commence this action until May 1, 1987.
 
 
 8
 We conclude that Chapman's complaint accrued no later than the date in May 1982 when, at his request, the Veterans Administration furnished him with a copy of his complete medical file.
 
 
 9
 AFFIRMED.