894 F.2d 402
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Mary Ann HVIZDAK; Louis Tacy, Plaintiffs-Appellants,
v.
WEIRTON STEEL CORPORATION, Defendant-Appellee.
 No. 89-2766.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Nov. 17, 1989.
Decided: Jan. 5, 1990.
 
 Geary M. Battistelli, Beneke, Battistelli & Bremer, on brief, for appellants.
 Carl Henry Hellerstedt, Jr., Volk, Frankovitch, Anetakis, Recht, Robertson & Hellerstedt, on brief, for appellee.
 Before SPROUSE, CHAPMAN and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 This appeal concerns age discrimination and pendent state law claims lodged by Mary Ann Hvizdak and her husband Louis Tacy against Weirton Steel Corporation. The district court granted Weirton's motion for summary judgment as to Hvizdak's claim under 29 U.S.C. Sec. 623(a) of the Age Discrimination in Employment Act (ADEA) and dismissed the state law claims without prejudice. Hvizdak appeals. We affirm.
 
 
 2
 Hvizdak worked as a secretary for Weirton from 1953 to 1959. She alleges that she reapplied for a secretarial position in May 1978, but was not hired. However, she was employed by Weirton as a laborer in various mill positions, with interruptions due to layoffs, from November 1978 until June 1981 when she was laid off and lost her recall rights. She was briefly reemployed as an hourly worker during 1985. Then, on November 10, 1985, Hvizdak was hired by Weirton as an office utility clerk, a position which she held until February 1987. As part of a work force reduction, Hvizdak was demoted to what she called a "mail girl job" and then transferred to the sheet mill as a recorder, where she remained until she took sick leave in July 1987.
 
 
 3
 In a complaint filed December 20, 1988, Hvizdak alleged that, starting in May 1978, Weirton engaged in a willful, deliberate, and clear pattern of hiring secretaries younger than she. The district court found that her claim was time-barred. We agree. An ADEA action must be "commenced within two years after the cause of action accrued, ... except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued." 29 U.S.C. Sec. 255(a).[1] Hvizdak failed to file her complaint within the applicable period.
 
 
 4
 She urges that her ADEA claim did not accrue until December 21, 1986, when she "discovered" Weirton's alleged discriminatory behavior.[2] But Hvizdak clearly knew that, from 1978 until 1985, Weirton had not hired her in a secretarial-type position; she therefore had notice to inquire into possible age discrimination in hiring. Cf. Price v. Litton Business Sys., 694 F.2d 963, 965 (4th Cir.1982). Even if we were to apply a "discovery rule," we would find the claim to be time-barred. Under such a rule, the statute of limitations begins to run when the plaintiff discovers, or in the exercise of reasonable diligence should discover, the facts giving rise to the claim. See, e.g., Gould v. United States Dep't of Health & Human Serv., 884 F.2d 785, 786 (4th Cir.1989); Blanck v. McKeen, 707 F.2d 817, 819 (4th Cir.), cert. denied, 464 U.S. 916 (1983); NLRB v. Allied Prods. Corp., 548 F.2d 644, 650 (6th Cir.1977). Hvizdak asserts that her discovery was based on age and seniority data which she first examined in December 1986. But that information was contained in a book which she used regularly as part of her responsibilities as a utility clerk. The belated "discovery" upon which Hvizdak relies clearly does not comport with the exercise of reasonable diligence expected of a prudent person.
 
 
 5
 Hvizdak claims that, because the utility clerk position for which she was hired was not secretarial, Weirton's alleged discrimination continued beyond November 1985, thereby bringing her claim within the limitations period. We need not consider this contention because it was not raised below, United States v. One 1971 Mercedes Benz, 542 F.2d 912, 915 (4th Cir.1976), but note that Hvizdak described the utility clerk job in this way during a deposition:
 
 
 6
 A. I was hired to do secretarial work; typing and shorthand....
 
 
 7
 Q. That job description is for a job that had the title of office utility clerk?
 
 
 8
 A. Office utility clerk, that's another name for a secretary.
 
 
 9
 Hvizdak also contends that the district court erred in dismissing her claim before she had filed a responsive brief to Weirton's motion for summary judgment. Weirton filed its motion on May 5, 1989. Under local court rules, Hvizdak had fifteen days to respond to the motion; a party failing to reply to a pending motion is deemed not to oppose it. N.D.W.Va.R. 2.07(f). Hvizdak's counsel apparently contacted Weirton's counsel seeking an extension of time in which to file a responsive brief. At no time was there any formal written communication with the court.
 
 
 10
 Hvizdak's counsel states that in mid-June he received a telephone call from Judge Kidd's law clerk, inquiring about the status of the case. He claims that he advised the clerk of opposing counsel's agreement to allow him "as much time as reasonably necessary to respond to [the] motion," and that the clerk indicated the court would not enter an order until a response had been received. Hvizdak's counsel therefore urges that his failure to timely file the brief was "excusable neglect." Such an argument should have been raised with the district court. See Fed.R.Civ.P. 60. We decline to consider it when presented for the first time on appeal. See Zanditon v. Feinstein, 849 F.2d 692, 702 (1st Cir.1988), where the First Circuit declined to review entry of summary judgment when the party opposing the motion had neither filed a response to the motion "nor sought reconsideration by the district court after the judgment had been granted."
 
 
 11
 The district court entered judgment against Hvizdak on July 17, 1989. The court did not err in acting on an unanswered motion which had been pending before it for two-and-a-half months. The judgment of the district court is therefore
 
 
 12
 AFFIRMED.
 
 
 
 [1]
 The Portal-to-Portal Act limitations period was incorporated into the ADEA by 29 U.S.C. Sec. 626(e)
 
 
 [2]
 Within 180 days of the "discovery," Hvizdak filed a claim with the Equal Employment Opportunity Commission, as required by 29 U.S.C. Sec. 626(d). The EEOC did not find evidence of an ADEA violation