993 F.2d 1539
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Paul SAKWA, Plaintiff-Appellant,
v.
Joseph J. ARONICA, Assistant United States Attorney; Dennis
Szybala, Assistant United States Attorney,
Defendants-Appellees.
 No. 92-2069.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: May 3, 1993
May 18, 1993
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Claude M. Hilton, District Judge. (CA-92-286-A)
 Paul Sakwa, Appellant Pro Se.
 Patricia Elaine Davison, Office of the United States Attorney, Alexandria, Virginia, for Appellees.
 E.D.Va.
 AFFIRMED.
 OPINION
 Before RUSSELL and HALL, Circuit Judges, and SPROUSE, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Paul Sakwa filed a claim against two Assistant United States Attorneys pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), challenging his guilty plea and asserting malicious prosecution. The district court dismissed the claim as time barred, and we affirm.
 
 
 2
 Sakwa entered a guilty plea in on March 1, 1983, in the federal court in the Eastern District of Virginia. On February 27, 1992, he filed this Bivens claim against the prosecutors involved in his case. Claims filed pursuant to Bivens are subject to the analogous state statute of limitations. Blanck v. McKeen, 707 F.2d 817, 819 (4th Cir.), cert. denied, 464 U.S. 916 (1983). The applicable Virginia statute grants claimants a two year statute of limitations. See Va. Code Ann. § 8.01-243(A) (Michie 1992). Because Sakwa was aware of the alleged flaws in his plea at the time he entered it, the time period for Sakwa to file a complaint challenging his guilty plea began to run upon his conviction and sentencing. Sattler v. Johnson, 857 F.2d 224 (4th Cir. 1988) (action accrues when plaintiff exercising due diligence should have discovered factual basis). Consequently, Sakwa's complaint fell outside the time period for filing such claims, and was properly dismissed as time barred.
 
 
 3
 Therefore, we grant leave to proceed in forma pauperis on appeal and affirm the district court's dismissal of Sakwa's complaint. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED