33 F.3d 52
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Felix ORIAKHI, Plaintiff-Appellant,
v.
Douglas BIALESE, Drug Enforcement Agent; Anthony Cannavale,
Drug Enforcement Agent; Robert Harding, Assistant
United States Attorney; U.S. Drug
Enforcement Agency,
Defendants-Appellees.
 No. 94-6120.
 United States Court of Appeals, Fourth Circuit.
 Submitted April 19, 1994.
Decided Aug. 22, 1994.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. Joseph H. Young, Senior District Judge. (CA-93-3574)
 Felix Oriakhi, Appellant Pro Se.
 D.Md.
 AFFIRMED IN PART AND VACATED AND REMANDED IN PART.
 Before HALL, WILKINSON, and LUTTIG, Circuit Judges.
 PER CURIAM:
 
 
 1
 Felix Oriakhi, a federal prisoner, filed a pro se complaint on October 20, 1993, requesting the return of certain property items, including bank accounts, cash, automobiles, and jewelry, that he alleged were illegally seized without a valid warrant at the time of his arrest. The property was apparently taken by Drug Enforcement Agents incident to Oriakhi's arrest for drug violations. The seizure of the property was alleged to have occurred on February 27, 1990, the date of Oriakhi's arrest. Oriakhi sought return of the items, or an "equitable settlement of cash equivalent to the property loss."
 
 
 2
 The district court construed Oriakhi's complaint as a Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), action, and dismissed it on November 17, 1993, without requiring a response from the Government, pursuant to 28 U.S.C. Sec. 1915(d) (1988), on the ground that it was filed beyond the statute of limitations. Oriakhi filed a motion for reconsideration dated December 13, 1993, and filed on December 17, 1993. In this motion he asserted that he had made numerous efforts for return of his property over a period of two years. He claimed that he received a letter dated July 28, 1993, from Defendant Harding, an Assistant United States Attorney, stating that in the process of mailing the items to Oriakhi, they were reported missing by the United States Postal Service. Oriakhi also asserted a claim, for the first time in this case, that an illegal wire tap was used to convict him.
 
 
 3
 By order entered January 12, 1994, the district court summarily denied Oriakhi's motion for reconsideration. Oriakhi appealed both the district court's denial of his motion for reconsideration, and the dismissal of his complaint. The notice of appeal was dated January 13, 1994, and filed January 19, 1994.
 
 
 4
 For the reasons stated below, we affirm in part, and vacate and remand in part.
 
 
 5
 * As a preliminary matter, we find that the district court erred in construing Oriakhi's claims for return of his property as a Bivens action, and then dismissing it on the ground that it was filed beyond the applicable statute of limitations period. See Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.), cert. denied, 439 U.S. 970 (1978). We find that Oriakhi's action is more appropriately construed as a motion pursuant to Fed.R.Crim.P.41(e). See United States v. Castro, 883 F.2d 1018, 1019-20 (11th Cir.1989) (distinguishing between applicability of Rule 41(e) analysis where property was seized and retained to be used as evidence against defendant, and Fifth Amendment due process analysis where property seized subject to civil forfeiture proceedings).[1]
 
 
 6
 There is no question that Oriakhi's notice of appeal was timely filed as to the district court's denial of his motion for reconsideration. A question does arise as to the timeliness of his appeal of the underlying dismissal of his complaint.
 
 
 7
 This Court has no published authority on time limits for Rule 41(e) appeals. Other circuits have held that a sixty-day appeal period applies to Rule 41(e) motion for return of property in civil cases involving the United States. Hunt v. United States Dep't of Justice, 2 F.3d 96, 97 (5th Cir.1993); United States v. Taylor, 975 F.2d 402, 403 (7th Cir.1992). For purposes of this case, we hold, like our sister circuits, that a sixty-day appeal period is proper. Applying this rule to Oriakhi's appeal of the underlying dismissal, and giving Oriakhi the benefit of Houston v. Lack, 487 U.S. 266, 276 (1988), we find that Oriakhi's appeal as to the underlying dismissal was timely.
 
 II
 
 8
 This Court reviews the denial of a Rule 41(e) motion for abuse of discretion. Ramsden v. United States, 2 F.3d 322, 324 (9th Cir.1993). Similarly, the standard for reviewing cases dismissed under 28 U.S.C. Sec. 1915(d) (1988), is abuse of discretion. Denton v. Hernandez, 60 U.S.L.W. 4346 (U.S.1992). Dismissal under Sec. 1915(d) is appropriate only for claims based on indisputably meritless legal theories or claims whose factual contentions are clearly baseless. Id.; Neitzke v. Williams, 490 U.S. 319, 327 (1989); cf. Cruz v. Beto, 405 U.S. 319, 322 (1972) (complaint should not be dismissed unless it is beyond doubt that allegations fail to state a claim). The frivolousness determination must be weighted in favor of the plaintiff. Denton, 60 U.S.L.W. at 4347-48.
 
 
 9
 We find that the district court abused its discretion in dismissing Oriakhi's claims at this stage of the proceedings. First, as stated above, Oriakhi's claims are not Bivens claims, and therefore are not subject to a three-year statute of limitations. Proceedings brought pursuant to Rule 41(e) are equitable in nature. Floyd v. United States, 860 F.2d 999, 1003 (10th Cir.1988) (citing cases); see also Ramsden, 860 F.2d at 324. Because Oriakhi asserted that he has been seeking return of his property for two years,[2] it is unlikely that Oriakhi's claims would be barred by either laches or acquiescence. See Shakespeare Co. v. Silstar Corp. of Am., 9 F.3d 1091, 1095 (4th Cir.1993).
 
 
 10
 Moreover, a pro se plaintiff should be given an opportunity to particularize a potentially viable claim. Coleman v. Peyton, 340 F.2d 603, 604 (4th Cir.1965). Here, Oriakhi stated in his complaint that he was seeking return of illegally seized property, and that if this action failed he would file a Bivens action. Thus, it is certainly possible to fairly interpret the complaint as one for a return of property under Rule 41(e), and not as a Bivens action, though the district court failed to consider it under Rule 41(e). Had the district court given Oriakhi the chance to elaborate on his claim, as he did in his motion for reconsideration, he could have stated a viable claim under Rule 41(e).
 
 III
 
 11
 The denial of a Rule 60(b) motion is reviewed for abuse of discretion. United States v. Williams, 674 F.2d 310, 312 (4th Cir.1982). We find that, to the extent Oriakhi's motion for reconsideration raises a Bivens claim, the district court's denial of the motion was proper, and we affirm that portion of the district court's order. However, because the district court abused its discretion in summarily dismissing Oriakhi's action without giving Oriakhi an opportunity to particularize his claim for the return of property, and without requiring a response by the Government to that claim, the district court abused its discretion in summarily denying Oriakhi's motion for reconsideration as to the Rule 41(e) claim.[3]
 
 
 12
 Accordingly, we vacate and remand for further proceedings the district court's dismissal of Oriakhi's claim for return of his property, and the denial of that portion of Oriakhi's motion for reconsideration which relates to the return of property. To the extent that Oriakhi raised a Bivens claim, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED IN PART, VACATED AND REMANDED IN PART
 
 
 [1]
 Had Oriakhi been given an opportunity to particularize his complaint, he would have stated facts, as he did in his motion for reconsideration and his informal brief, which likely would have made it clear that his assertion is that the property was not taken subject to civil forfeiture, because the Government had undertaken some steps to return it to Oriakhi
 
 
 [2]
 Oriakhi asserted that Defendant Harding sent some of the property to him, and that another Drug Enforcement Agent testified in a related proceeding that certain of the personal items seized had been returned to Oriakhi
 
 
 [3]
 In his motion, Oriakhi states a claim regarding the use of an alleged illegal wiretap in his trial. Such a claim sounds as a Bivens claim, and is barred by the applicable three-year statute of limitations. See Md. Cts. & Jud. Proc.Code Ann. Sec. 5-101 (1993); Kreines v. United States, 959 F.2d 834, 836 (9th Cir.1992); Blanck v. McKeen, 707 F.2d 817, 819 (4th Cir.), cert. denied, 464 U.S. 916 (1983)