**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Ronald I. Paul, Appellant,

v.

South Carolina Department of Transportation; Paul D. de Holczer, individually and as a partner of the law firm of Moses, Koon & Brackett, PC; Michael H. Quinn, individually and as senior lawyer of Quinn Law Firm, LLC; J. Charles Ormond, Jr., individually and as a partner of the Law Firm of Holler, Dennis, Corbett, Ormond, Plante & Garner; Oscar K. Rucker, in his individual capacity as Director, Rights of Way South Carolina Department of Transportation; Macie M. Gresham, in her individual capacity as Eastern Region Right of Way Program Manager South Carolina Department of Transportation; Natalie J. Moore, in her individual capacity as Assistant Chief Counsel, South Carolina Department of Transportation, Respondents.

Appellate Case No. 2019-002076

————————

Appeal From Richland County
Jocelyn Newman, Circuit Court Judge

————————

Unpublished Opinion No. 2022-UP-051
Submitted January 1, 2022 – Filed February 9, 2022

————————

**AFFIRMED**

————————

Ronald I. Paul, of Columbia, pro se.

Michael H. Quinn, of Quinn Law Firm, LLC, of Columbia, for Respondent Michael H. Quinn.

Andrew F. Lindemann, of Lindemann & Davis, P.A., of Columbia, for Respondents South Carolina Department of Transportation, Macie M. Gresham, Oscar K. Rucker, and Natalie J. Moore.

B. Michael Brackett, of Moses & Brackett, and Andrew F. Lindemann, of Lindemann & Davis, P.A., both of Columbia, for Respondent Paul D. de Holczer.

J. Charles Ormond, Jr., of Ormond/Dunn, of Columbia, for Respondent J. Charles Ormond, Jr.

---

**PER CURIAM:**  Ronald I. Paul appeals the circuit court's grant of the motions to dismiss by the South Carolina Department of Transportation (SCDOT), Paul D. de Holczer, Natalie J. Moore, Michael H. Quinn, and J. Charles Ormond, Jr. (collectively, Respondents) under Rule 12(b)(6), SCRCP.  On appeal, Paul argues the circuit court erred by (1) dismissing SCDOT as an improper party when his complaint contained a state law claim, (2) determining the statute of limitations governing his claim was three years, (3) not finding the statute of limitations began to run on the date of the last overt act of conspiracy, (4) dismissing Respondents on the basis of res judicata and collateral estoppel, (5) finding that Quinn and Ormond were not state actors, and (6) dismissing his complaint with prejudice without an opportunity to replead or amend.  We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

As to issues two and three, we hold the circuit court properly granted Respondents' motions to dismiss because Paul's complaint reflects he pursued causes of action under 42 U.S.C. section 1983 for alleged conduct that occurred outside the applicable three-year statute of limitations.  *See Grimsley v. S.C. Law Enforcement Div.*, 396 S.C. 276, 281, 721 S.E.2d 423, 426 (2012) ("On appeal from the dismissal of a case pursuant to Rule 12(b)(6), an appellate court applies the same standard of review as the [circuit] court." (quoting *Rydde v. Morris*, 381 S.C. 643, 646, 675 S.E.2d 431, 433 (2009))); *id.* ("That standard requires the [c]ourt to

construe the complaint in a light most favorable to the nonmovant and determine if the 'facts alleged and the inferences reasonably deducible from the pleadings would entitle the plaintiff to relief on any theory of the case.'" (quoting *Rydde*, 381 S.C. at 646, 675 S.E.2d at 433)); *Spence v. Spence*, 368 S.C. 106, 116, 628 S.E.2d 869, 874 (2006) ("In considering such a motion, the [circuit] court must base its ruling solely on allegations set forth in the complaint."); *Owens v. Okure*, 488 U.S. 235, 249-50 (1989) ("[W]here state law provides multiple statutes of limitations for personal injury actions, courts considering [section] 1983 claims should borrow the general or residual statute for personal injury actions."); S.C. Code Ann. § 15-3-530(5) (2005) (providing a three-year limitations period for personal injury actions); *Est. of Mims v. S.C. Dep't of Disabilities & Special Needs*, 422 S.C. 388, 399, 811 S.E.2d 807, 813 (Ct. App. 2018) ("In South Carolina, [section] 1983 claims are subject to a three-year statute of limitations."); *Blanck v. McKeen*, 707 F.2d 817, 819 (4th Cir. 1983) ("[T]he time when a [federal] cause of action accrues is governed by federal, not state, law."); *id.* ("[T]he statute of limitations does not begin to run until the plaintiff discovers, or by the exercise of due diligence should have discovered, the facts forming the basis of his cause of action."); *id.* at 820 ("[A claimant's] action is time-barred as long as they were 'on notice' of the conduct about which they complain.").

As to issue six, we hold the circuit court properly dismissed Paul's claims with prejudice because Respondents' dismissal was not due to any correctable pleading deficiency. *See Spence*, 368 S.C. at 129, 628 S.E.2d at 881 ("When a complaint is dismissed under Rule 12(b)(6) for failure to state facts sufficient to constitute a cause of action, the dismissal generally is without prejudice. The plaintiff in most cases should be given an opportunity to file and serve an amended complaint."); *Skydive Myrtle Beach, Inc. v. Horry Cnty.*, 426 S.C. 175, 189, 826 S.E.2d 585, 592 (2019) ("A circuit court does not have 'discretion' to dismiss a complaint with prejudice for failure to state a claim under Rule 12(b)(6) without at least considering whether to allow leave to amend under Rule 15(a)[, SCRCP]."); *Alterna Tax Asset Grp., LLC v. York Cnty.*, 434 S.C. 328, 334, 863 S.E.2d 465, 468 (Ct. App. 2021) ("[W]e are mindful that [circuit] courts should not dismiss pleadings with prejudice at the 12(b) stage without allowing the pleader to amend its complaint (*unless amendment would be futile*)." (emphasis added)).

Because the resolution of issues two, three, and six are dispositive, we need not address the remaining issues on appeal. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (ruling an appellate court need not address remaining issues when its resolution of a prior issue is dispositive).

**AFFIRMED.**[1]

**THOMAS, GEATHERS, and VINSON, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.