636 S.E.2d 629

**Allene HARDEE and Kathleen Hardee, Appellants,**

**v.**

**BIO–MEDICAL APPLICATIONS OF SOUTH CAROLINA, INC., d/b/a Conway Dialysis Center, Respondent.**

No. 26217.

Supreme Court of South Carolina.

Heard March 21, 2006.

Decided Oct. 23, 2006.

Rehearing Denied Nov. 14, 2006.

512

_____

John Dwight Hudson, of Hudson Law Offices, of Myrtle Beach, for Appellants.

John B. McCutcheon Jr., Lisa A. Thomas, Mary Ruth Baxter, and Arrigo P. Carotti, all of McCutcheon, McCutcheon & Baxter, of Conway, for Respondents.

Gray T. Culbreath and Christian Stegmaier, both of Collins & Lacy, of Columbia; and Wendy Raina Johnson Keefer, of Bancroft Associates, of Washington, DC, for Amicus Curiae South Carolina Defense Trial Attorneys' Association.

Chief Justice TOAL:

This appeal arises out of the trial court's decision to grant summary judgment in favor of Conway Dialysis Center (Respondent). The trial court held that Respondent was not liable for injuries Respondent's patient, Danny Tompkins (Patient), caused to be inflicted on Allene and Kathleen Hardee (Appellants) because South Carolina law does not recognize a duty running from a medical provider to a third party non-patient. We reverse.

### FACTUAL/PROCEDURAL BACKGROUND

Appellants were badly injured in an accident which occurred in January of 1998. Appellants were traveling through the intersection of Highways 701 and 319 in Conway when Patient's automobile struck Appellants' automobile. The accident occurred minutes after Respondent administered dialysis treatment to Patient.

Patient is a Type 1 Insulin dependent diabetic whose diabetic condition is deemed "brittle." Patient took hemodialysis treatment three times a week and each treatment lasted almost four hours. The dialysis treatment required that Patient's blood be taken out of his system, run into a dialysis machine to be cleaned, and then returned to Patient's body.

After the completion of the dialysis treatment, Patient was released to go home. During the drive home, Patient lost control of his vehicle, and ultimately collided with Appellants. The accident resulted in Patient's death and devastating injuries to Appellants.

Following the accident, Appellants filed this suit against Respondent for negligence related to the treatment of Patient in the administration of dialysis treatment. Specifically, Appellants alleged that Respondent did not warn Patient of the ill effects that could result from his dialysis treatment, that Patient was experiencing insulin shock or suffering from low blood sugar at the time he left Respondent's facilities, and that Respondent did not perform the normal post-treatment tests or monitoring prior to releasing Patient. Respondent filed a motion for summary judgment, which the trial court initially denied. Respondent requested that the trial court alter or amend its decision, however, and after further consideration,

the trial court granted Respondent's motion for summary judgment.

At this point, Respondent forwarded a proposed order to Appellants' counsel for comment. Appellants' counsel advised Respondent of a number of problems with the proposed order, however, prior to Appellants' counsel having the opportunity to present these comments to the trial court, the court signed the order. Appellants made a motion to alter or amend the order to correctly reflect the facts in the case. The trial court denied Appellants' motion, and this appeal followed.

This case was certified to this Court pursuant to Rule 204(b), SCACR, and the following issues are before the Court for review:

I. Did the trial court err in determining that a medical provider does not owe a duty to a third party (non-patient), even if the medical provider negligently fails to warn a patient of the risks related to driving immediately following a medical procedure and the failure to warn the patient results in harm to the third party?

II. Should the trial court's order be vacated because opposing counsel did not have the opportunity to review the proposed order pursuant to Rule 5, SCRCP?

## STANDARD OF REVIEW

When reviewing the trial court's decision to grant summary judgment, an appellate court applies the same standard applied by the trial court. *Lanham v. Blue Cross and Blue Shield of South Carolina, Inc.,* 349 S.C. 356, 361, 563 S.E.2d 331, 333 (2002). A grant of summary judgment is proper when "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56(c), SCRCP; *Tupper v. Dorchester County,* 326 S.C. 318, 325, 487 S.E.2d 187, 191 (1997). Because the trial court's order granting summary judgment focused only upon whether Respondent owed Appellants any duty of care, we limit our analysis accordingly.[1]

---

1. Specifically, the order granting summary judgment in this case focuses solely on the question of whether a medical provider owes a duty of care to a third party non-patient as a result of actions or omissions the provider takes in regard to a patient's treatment. Thus, our review of

## Law/Analysis

### I. Duty to third parties

Appellant argues that the trial court erred in determining that, as a matter of law, a medical provider never owes a duty to a third party non-patient as a result of actions or omissions the provider takes in regard to a patient's treatment. We agree.

██ Although this Court has never addressed this issue directly, we have decided similar cases. Generally, an action against a doctor can only be maintained by the patient. *Bishop v. South Carolina Dep't of Mental Health*, 331 S.C. 79, 91, 502 S.E.2d 78, 84 (1998). However, this Court recognized in *Bishop* that a physician-patient relationship is not a requirement in every legal action against a medical provider. Id. at 92, 502 S.E.2d at 84. In that case, the Court stated that a physician's malpractice in treating a patient may form the basis of a negligence action against the physician by a third party in limited circumstances. Id. This Court has never defined what constitutes the limited circumstances in which a third party can maintain suit against a medical provider as outlined in *Bishop*.

At the outset, it is important to characterize the precise nature of the cause of action to which this statement in *Bishop* alluded. As we noted in *Bishop*, a medical malpractice action is instituted by a patient and is predicated upon a physician's deviation from accepted standards of professional care in treating that patient. Not every cause of action asserted against a medical provider, however, is an action for medical malpractice. Thus, our statement in *Bishop* affirms the validity of the general rule prescribing the class of permissible plaintiffs in medical malpractice actions, but also recognizes that causes of action may accrue in other contexts by virtue of a medical provider's actions or omissions.

In this case, Appellants argue Respondent knew that the medical procedure it performed on Patient could have substantial detrimental effects on Patient's ability to operate a motor

---

this particular decision does not call upon us to perform a duty typically associated with a review of a summary judgment decision—determining the existence of any triable issues of fact.

vehicle. Thus, Appellants argue that if Respondent did not warn Patient of the risks of operating a motor vehicle, Respondent breached a duty a medical provider owes to those persons in the general field of danger (that is, the motoring public) which should reasonably have been foreseen by Respondent when it administered the treatment.

We believe South Carolina tort law ought to recognize such a duty.[2] Generally, a medical provider has a duty to warn of the dangers associated with medical treatment. Thus, a medical provider who provides treatment which it knows may have detrimental effects on a patient's capacities and abilities owes a duty to prevent harm to patients and to reasonably foreseeable third parties by warning the patient of the attendant risks and effects before administering the treatment. Therefore, if Respondent knew that Patient could experience ill effects following dialysis treatment, Respondent owed Appellants a duty to warn Patient of the risks of driving.[3]

We note that this is a very narrow holding that carves out an exception to the general rule that medical providers do not owe a duty to third party non-patients. Importantly, this duty owed to third parties is identical to the duty owed to the patient, i.e., a medical provider must warn a patient of the attendant risks and effects of any treatment. Thus, our holding does not hamper the doctor-patient relationship.

Accordingly, we reverse the trial court's decision granting summary judgment and remand the case for proceedings consistent with this opinion.

---

2. " '[D]uty' is not sacrosanct in itself, but only an expression of the sum total of those considerations of policy which lead the law to say that the particular plaintiff is entitled to protection." WILLIAM L. PROSSER, HANDBOOK OF THE LAW OF TORTS § 53, 325–326 (4th ed. 1971).

3. We note, however, that we do not make the determination that Respondent owed Appellants this duty of care. The trial court granted summary judgment holding that under no factual circumstances could a duty exist. We hold that, under some circumstances, a duty can exist. Determining the existence of a duty in a particular case, however, is another question. Our current responsibility is limited to construing the evidence and inferences in the light most favorable to Appellants and reviewing the trial court's decision made as a matter of law. *Strother v. Lexington County Recreation Comm'n*, 332 S.C. 54, 61, 504 S.E.2d 117, 121 (1998)

## II.  Motion to alter or amend

Appellants argue the trial court erred in denying their motion to alter or amend the judgment because the proposed order submitted by Respondent did not contain facts and legal issues that were raised before the trial court.  As a result, Appellants argue the trial court's order should be vacated.

Although we decline to address this argument pursuant to *Futch v. McAllister Towing of Georgetown*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (providing that an appellate court need not address additional issues if the resolution of another issue is dispositive), we note that Appellants properly made a motion to alter the trial court's decision granting summary judgment, which the trial court denied, and that Appellants appropriately appealed.  As a result, all relevant facts were before this Court for review.

### CONCLUSION

Based on the above cited authority, we reverse the trial court's decision granting summary judgment and hold that the trial court erred in determining that a medical provider never owes a duty to a third party non-patient as a result of actions or omissions the provider takes in regard to a patient's treatment.

MOORE, WALLER, BURNETT and PLEICONES, JJ., concur.