706 S.E.2d 844

**Kirby A. OBLACHINSKI, Appellant,**

v.

**Dwight Raymond REYNOLDS, Individually and Lexington Pediatric Practice, Respondents.**

**No. 26932.**

Supreme Court of South Carolina.

Heard Nov. 4, 2010.

Decided Feb. 22, 2011.

Rehearing Denied April 7, 2011.

558

Heath Preston Taylor, of Taylor Law Firm, LLC, of West Columbia, and Katherine Carruth Goode, of Winnsboro, for Appellant.

Mark Steven Barrow, of Sweeny Wingate & Barrow, PA, of Columbia, for Respondents.

Justice HEARN.

In this case, we are asked to decide whether South Carolina should recognize a third party cause of action for negligent diagnosis of sexual abuse. We hold no such cause of action exists and affirm the circuit court's grant of summary judgment.

## FACTUAL/PROCEDURAL BACKGROUND

Dwight Raymond Reynolds ("Reynolds"), as the Medical Director of the Lexington County Children's Center, Inc., examined a four-year old girl ("Victim") for sexual abuse. Reynolds examined Victim for thirty seconds to one minute, took photographs and videotape for later reference, diagnosed Victim with a torn hymen, and concluded she had been sexually abused. Kirby Oblachinski ("Oblachinski") subse-

quently was indicted for criminal sexual conduct with a minor, but the charges were dropped after a second doctor concluded Reynolds misdiagnosed the child and opined Reynolds' examination fell below the standard of care.

Oblachinski brought a civil suit against his accusers, and Reynolds testified during that action on Oblachinski's behalf. Reynolds admitted there was no evidence of blunt force trauma to the hymen, Victim had a "perfectly normal hymen," and he had made a mistake in his earlier diagnosis. Following this civil suit, Oblachinski brought a separate suit against Reynolds and Lexington Pediatric Practice, (collectively, "Respondents") alleging negligence in examining and diagnosing Victim.

The circuit court granted Respondents' motion for summary judgment, finding that Respondents owed no duty of care to Appellant. This appeal followed.

## ISSUE

Oblachinski raises one issue on appeal: Did the circuit court err in granting summary judgment to Respondents based on a determination that they owed no duty of care to Oblachinski?

## STANDARD OF REVIEW

When reviewing the trial court's decision to grant summary judgment, an appellate court applies the same standard applied by the circuit court. *Lanham v. Blue Cross & Blue Shield of S.C., Inc.*, 349 S.C. 356, 361, 563 S.E.2d 331, 333 (2002). Summary judgment is appropriate when there is no genuine issue of material fact such that the moving party is entitled to prevail as a matter of law. Rule 56(c), SCRCP; *Fleming v. Rose*, 350 S.C. 488, 493, 567 S.E.2d 857, 860 (2002). "In determining whether any triable issues of fact exist, the court must view the evidence and all reasonable inferences that may be drawn from the evidence in the light most favorable to the nonmoving party." *David v. McLeod Reg'l Med. Ctr.*, 367 S.C. 242, 247, 626 S.E.2d 1, 3 (2006). A motion for summary judgment on the basis of the absence of a duty is a question of law for the court to determine. *See Doe v. Greenville County Sch. Dist.*, 375 S.C. 63, 72, 651 S.E.2d 305, 309 (2007) (recognizing that whether a duty exists is a question of law for the courts).

## LAW/ANALYSIS

■ Oblachinski contends the circuit court erred by finding Reynolds owed no duty of care to him. Oblachinski therefore urges this Court to find an exception to the general rule that no duty of care exists between a physician and a third party. Respondents argue South Carolina case law limits situations where a third party can bring a suit against a physician, and that these facts do not fall within the recognized exception to the general rule. We agree with Respondents and affirm the circuit court's grant of summary judgment.

■ An essential element in a cause of action based upon negligence is the existence of a legal duty of care owed by the defendant to the plaintiff. Without a duty, there is no actionable negligence. *Bishop v. S.C. Dep't of Mental Health,* 331 S.C. 79, 86, 502 S.E.2d 78, 82 (1998) (citing *Rogers v. S.C. Dep't of Parole & Community Corrections,* 320 S.C. 253, 464 S.E.2d 330 (1995)). As a general rule, only a patient can maintain an action against a doctor for medical negligence. *See id.* at 91, 502 S.E.2d at 84. However, a doctor-patient relationship is not required in every legal action against a medical provider. *Hardee v. Bio–Medical Applications of S.C., Inc.,* 370 S.C. 511, 515, 636 S.E.2d 629, 631 (2006) (citing *Bishop,* 331 S.C. at 92, 502 S.E.2d at 84.). Limited circumstances exist where a reasonably foreseeable third party can maintain a suit against a physician for malpractice. *Bishop,* 331 S.C. at 92, 502 S.E.2d at 84.

In *Bishop,* following the grandmother's involuntary commitment of the mother, the South Carolina Department of Mental Health ("Department") determined the victim's mother was not mentally ill and released her. The next day, the mother arrived at the grandmother's home and after being permitted to remove her minor daughter from the grandmother's care, the mother physically abused the child. The grandmother brought a negligence action against the Department, contending the child was a foreseeable plaintiff, and that the Department owed a duty to the child to properly diagnose and treat the mother. *See Bishop,* 331 S.C. at 84, 502 S.E.2d at 80. While recognizing the possibility that a reasonably foreseeable third party could bring a claim against a physician under certain circumstances, the Court held Department's duty to

properly diagnose and treat was owed only to the mother, and not to the child. *See id.* at 92, 502 S.E.2d at 84.

Several years later, in *Hardee,* the Court found the facts gave rise to the duty recognized in *Bishop.* There, the Hardees were injured when a patient of a dialysis center lost control of his automobile and struck their vehicle after leaving one of his treatments. *See Hardee,* 370 S.C. at 513, 636 S.E.2d at 630. The Hardees sued the dialysis center for negligence, asserting it should have warned the patient of the risks of operating a motor vehicle after a dialysis treatment. The trial court granted summary judgment in favor of the dialysis center and this Court reversed, finding the center had a duty to warn a dialysis patient of the risks associated with operating a motor vehicle, and by failing to do so, it breached the duty owed to the Hardees as reasonably foreseeable third parties injured by the patient's actions. *Id.* at 516, 636 S.E.2d at 631–32.

■ Oblachinski argues *Hardee* and *Bishop* permit reasonably foreseeable third parties to pursue negligence claims against medical providers. Initially, we note that although the *Bishop* Court stated that such a duty may exist under limited circumstances, no duty was recognized on the facts of that case. Moreover, "[f]oreseeability of injury, in and of itself, does **not** give rise to a duty." *Charleston Dry Cleaners & Laundry, Inc. v. Zurich American Ins. Co.,* 355 S.C. 614, 618, 586 S.E.2d 586, 588 (2003) (citing *South Carolina State Ports Authority v. Booz–Allen & Hamilton, Inc.,* 289 S.C. 373, 346 S.E.2d 324 (1986)). Importantly, the duty recognized in *Hardee* mirrored the duty owed to the patient. As noted in *Hardee,* "this duty owed to third parties is identical to the duty owed to the patient, i.e., a medical provider must warn a patient of the attendant risks and effects of any treatment." *Hardee,* 370 S.C. at 516, 636 S.E.2d at 632. In both *Bishop* and *Hardee,* the actions hinged on conduct by the patient which injured the third-party plaintiff. Here, Oblachinski asks us to extend the limited duty recognized in *Hardee* to a non-patient injured by the negligence of the doctor in diagnosing a patient. Even though the harm which befell Oblachinski as a result of the misdiagnosis may have been reasonably foreseeable, we believe important policy concerns weigh against extending a duty to him in this case.

■ The devastating nature of child sexual abuse charges requires that they be lodged only after a careful and thorough investigation. Juxtaposed against this important principle is the equally compelling goal of protecting children from sexual abuse. Medical diagnoses of sexual abuse as well as a child's ability to accurately relate the history of such incidents are not as absolute and infallible as they ought to be, given the serious consequences that may result. In our view, the good faith willingness of medical providers to identify the existence of sexual abuse should not be chilled or otherwise compromised by subjecting them to malpractice actions. While in no way minimizing the traumatic effect to an individual wrongfully accused of child sexual abuse, an analysis of the competing policy ramifications of our decision persuades us to refuse to recognize a cause of action in this situation.

We note that no other state has recognized a cause of action under similar facts. Instead, other jurisdictions have specifically declined to extend a duty of care from physicians to third parties in such instances. *See, e.g., Althaus ex rel. Althaus v. Cohen,* 562 Pa. 547, 553–54, 756 A.2d 1166, 1169 (2000) (consequences of burdening medical professionals outweighed imposing duty of care); *Vineyard v. Kraft,* 828 S.W.2d 248, 252–53 (Tex.App.1992) (physician owed no duty to father of child in connection with alleged negligent misdiagnosis of sexual abuse). A Texas case, *Dominguez v. Kelly,* 786 S.W.2d 749 (Tex.App.1990), is instructive. There, criminal proceedings were instituted against Dominguez, in part because of Dr. Kelly's examination and report that the female victim, who had been brought to Kelly by a member of the Texas Department of Human Services, had been sexually assaulted along with a discovery of syphilis. *Id.* at 750. Subsequent testing negated Kelly's conclusion of syphilis. Dominguez sued Kelly for negligence in the diagnosing and reporting of his conclusions, and summary judgment was granted in favor of Kelly based on the lack of a duty owed by Kelly to Dominguez. *Dominguez,* 786 S.W.2d at 750–51. The Texas Court of Appeals held that the "doctor's only duty is to conduct the examination in a manner not to cause harm to the person being examined." *Id.* (citing *Johnston v. Sibley,* 558 S.W.2d 135 (Tex.Civ.App.1977)). Similarly here, we believe Respondents' duty extended only to the patient.

The dissent contends we should recognize a duty of care between professionals and third parties as it relates to reckless examination and diagnosis. The arguments before the circuit court on the motion for summary judgment were based solely on whether a duty existed on these facts. While the dissent correctly notes that Oblachinski pled recklessness in his complaint, at no time during the arguments on the motion before the circuit court, at the post-trial motion stage, or in briefs or oral argument before us was the issue of recklessness raised. Therefore, whether a duty might exist between a physician and a third party based on reckless misdiagnosis of sexual abuse is not an issue before this Court and we decline to address it. *Langley v. Boyter*, 284 S.C. 162, 181, 325 S.E.2d 550, 561 (1984), *rev'd*, 286 S.C. 85, 332 S.E.2d 100 (1985) ("[A]ppellate courts in this state, like well-behaved children, do not speak unless spoken to and do not answer questions they are not asked.").

We decline to be the first state appellate court to recognize the existence of a duty flowing between a physician and a third party under these circumstances. Therefore, we affirm the circuit court's grant of summary judgment.[1]

**AFFIRMED.**

BEATTY, KITTREDGE, JJ., and Acting Justice JAMES E. MOORE, concur.

Acting Chief Justice PLEICONES concurring in part and dissenting in part in a separate opinion.

Acting Chief Justice PLEICONES:

I dissent in part and concur in part. I agree that the question of the existence of a duty is one for the Court, and that policy concerns must govern our decision to extend the duty of a diagnosing physician to a third party. I also agree that we must tread warily where the diagnosis sought to be challenged is that of sexual abuse of a child. Moreover, these concerns lead me to agree that negligence alone is not the

---

1. Because we find no duty of care exists, we decline to address Respondents' other arguments. *See State v. Allen*, 370 S.C. 88, 102, 634 S.E.2d 653, 660 (2006) (declining to address remaining issues addressed by appellant when prior issue was dispositive).

appropriate standard for the duty. I would hold, however, that a professional owes a duty to third persons to refrain from examining and diagnosing a child as a victim of sexual abuse in a reckless manner.[2] In finding such a duty, I have considered not only the stigma that attaches to a person accused of such abuse, but also of the suffering of a child falsely labeled a sexual abuse victim.

I would reverse the order of the circuit court as I find that appellant pled that respondent recklessly misdiagnosed sexual abuse, and thus alleged a breach of the duty that I would recognize today.

---

**2.** That is, by consciously failing to exercise due care. *E.g., McGee v. Bruce Hosp. Sys.,* 321 S.C. 340, 468 S.E.2d 633 (1996).