**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Rebecca Delaney, as the Personal Representative of the Estate of Justin Nicholas Miller, Appellant,

v.

CasePro, Inc., Respondent.

Appellate Case No. 2015-002466

—————

Appeal From Beaufort County
Diane Schafer Goodstein, Circuit Court Judge

—————

Unpublished Opinion No. 2018-UP-221
Submitted March 1, 2018 – Filed May 30, 2018

—————

**AFFIRMED**

—————

Thomas David Hoyle, William Christopher Swett, and Temitope Olamide Leyimu, all of Motley Rice, LLC, of Mount Pleasant, and Crystal Lynn Castleberry, of Castleberry Law Offices of Morgantown, West Virginia, for Appellant.

Dennis Gary Lovell, Jr., Douglas Walker MacKelcan, III, and William Joseph Farley, III, all of Carlock Copeland & Stair, LLP, of Charleston, for Respondent.

—————

**PER CURIAM:**  In this civil matter, Rebecca Delaney, as personal representative for the estate of her son, Justin Miller, appeals the circuit court's order entering judgment in favor of CasePro, Inc. (CasePro).  Delaney argues the circuit court erred in refusing to issue Delaney's requested jury charge because her requested jury charge correctly stated the law applicable to the issues and evidence.  Moreover, Delaney asserts the circuit court's refusal to give the requested charge contributed to the jury's verdict.  We affirm.

1.  We find the circuit court did not err in refusing to issue Delaney's proposed jury charge.[1]  The circuit court must charge only the current and correct laws of South Carolina.  *Welch v. Epstein,* 342 S.C. 279, 311, 536 S.E.2d 408, 425 (Ct. App. 2000).  To warrant reversal by the appellate court, the circuit court's refusal to give a requested charge must have been both erroneous and prejudicial.  *Jones v. Ridgely Commc'ns, Inc.*, 304 S.C. 452, 456, 405 S.E.2d 402, 404 (1991).  Despite Delaney's assertion that South Carolina law, public policy, and the evidence in the record supported giving the proposed charge, we find the circuit court charged the jury with the current and correct law of the state.

Absent a recognized exception, South Carolina law does not recognize a general duty to control the conduct of another or to warn a third person or potential victim of danger.  *Faile v. S.C. Dep't of Juvenile Justice*, 350 S.C. 315, 334, 566 S.E.2d 536, 546 (2002).  While true that, in very limited circumstances, a reasonably foreseeable third party may maintain a suit against a medical provider for negligence, our courts have not recognized an expansive duty owed to the reasonably foreseeable third party in a general zone of danger.  *See Bishop v. S.C. Dep't of Mental Health*, 331 S.C. 79, 92, 502 S.E.2d 78, 84 (1998) (recognizing the possibility that a reasonably foreseeable third party could bring a claim against a medical provider in certain circumstances but finding that, although the department

---

[1] As to the duty CasePro owed to Miller, Delaney requested the circuit court charge the jury that "[a] medical provider owes a duty to a foreseeable nonpatient within a zone of danger that is identical to the duty owed to the patient."  The circuit court, however, provided the jury with the following instruction as to the duty to warn:

> [W]hen a person provides medical services to another
> person, a duty to warn may arise.  This duty to warn
> arises when a reasonably prudent person, under the same
> or similar circumstances[,] would have provided a
> warning.  The duty to warn a patient flows to foreseeable
> persons in the general field of danger.

of mental health owed a duty to properly diagnose and treat a person who was involuntarily committed, it did not owe the same duty to the victim, who was physically abused by the person upon the person's release); *Hardee v. Bio-Med. Applications of S.C., Inc.*, 370 S.C. 511, 516, 636 S.E.2d 629, 631–32 (2006) (finding a medical provider that knows its treatments may have detrimental effects on a patient's capacities and abilities owes to the patient and to reasonably foreseeable third parties in the "general field of danger"—in that case, "the general motoring public"—an identical duty to warn of the associated risks and effects of the treatment, prior to its administration, to prevent harm to the patient and reasonably foreseeable third parties). Instead, South Carolina courts have emphasized that the recognition of a medical provider's duty to a foreseeable third party was a "very narrow holding." *See Hardee*, 370 S.C. at 516, 636 S.E.2d at 632 ("[T]his is a very narrow holding that carves out an exception to the general rule that medical providers do not owe a duty to third party [nonpatients]."). Indeed, our supreme court has been reluctant to extend the duty recognized in *Hardee* beyond its intended narrow scope. *See Oblachinski v. Reynolds*, 391 S.C. 557, 562, 706 S.E.2d 844, 846 (2011) (interpreting the *Hardee* holding narrowly and declining to extend the limited duty from *Hardee* to a nonpatient injured by a physician's negligent diagnosis, even though the ensuing harm to the nonpatient resulting from the misdiagnosis could have been reasonably foreseeable).

Contrary to Delaney's arguments in the instant case, the circuit court's instruction properly reflects the current law of South Carolina. Not only does South Carolina law reject Delaney's broad expansion of *Hardee*'s limited exception, the evidence adduced at trial did not warrant expanding CasePro's duty to Miller beyond the duty to warn. While evidence indicated CasePro's employees—Dr. Christian Jansen, Janice McDonald, and Joe McDonald—could physically restrain Hunt only if he was violent or uncooperative at the time of their interaction, nothing indicated that Hunt acted in that manner. Moreover, the record does not contain evidence to show that Hunt had a specific plan to harm himself or others. Thus, no evidence warranted an instruction that CasePro failed to mitigate known risks associated with Hunt's treatment or illness.

Last, we hold that public policy does not support a duty greater than the duty to warn. Although Delaney asserts public policy requires a more expansive charge than the one given at trial, our supreme court acknowledged the holding in *Hardee* presented a very narrow exception to South Carolina's general rule that medical providers do not owe a duty to third party nonpatients. *See Hardee*, 370 S.C. at 516, 636 S.E.2d at 632 ("[T]his is a very narrow holding that carves out an exception to the general rule that medical providers do not owe a duty to third

party [nonpatients]."). Moreover, granting such a broad expansion runs counter to the recognized policy that one does not have a general duty to protect the public from speculative harm of a dangerous individual within one's control. *See Faile*, 350 S.C. at 335, 566 S.E.2d at 546 ("We have held a defendant has a duty to exercise reasonable care by issuing warnings after the third party has made specific threats to a specific individual. The rationale behind this line of cases is an individual does not have a duty to protect the public from speculative harm from a dangerous individual within his control."); *id.* ("However, whe[n] the custodian knows of a specific, credible threat from a person in their care the injury is no longer speculative in nature.").

Accordingly, because the circuit court's instruction properly informed the jury of the correct and current law of South Carolina, we find the circuit court did not err in refusing to give Delaney's proposed jury instructions.

2. We do not address Delaney's second argument regarding prejudice because we find no error in the circuit court's refusal to issue the proposed jury charge. *See Jones*, 304 S.C. at 456, 405 S.E.2d at 404 ("[T]o warrant reversal, the refusal to give a requested charge must have been erroneous and prejudicial."); *Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (ruling an appellate court need not address remaining issues when its resolution of a prior issue is dispositive). Thus, because Delaney cannot prove the circuit court's refusal was both erroneous and prejudicial to warrant reversal, the circuit court's order entering judgment in favor of CasePro is

**AFFIRMED.**[2]

**LOCKEMY, C.J., and WILLIAMS and KONDUROS, JJ., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.