743 So.2d 551 (1999)
Laurens Tykle HARE, Appellant,
v.
MILLER, CANFIELD, PADDOCK AND STONE, a Michigan partnership including professional corporations, and its successors in interest by merger or otherwise; George F. deClaire, individually; and Michael R. Atkins, individually, Appellees.
No. 98-2421.
District Court of Appeal of Florida, Fourth District.
August 4, 1999.
Rehearing Denied November 2, 1999.
*552 Brian M. O'Connell of Boose Casey Ciklin Lubitz Martens McBane & O'Connell, West Palm Beach, and A. Faxon Henderson, Jr., of Henderson & Robinson, P.A., Palm Beach, for appellant.
Peter A. Sachs of Jones, Foster, Johnston & Stubbs, P.A., West Palm Beach, for appellees.
POLEN, J.
Laurens Tykle Hare, beneficiary of a trust drafted by Miller, Canfield, Paddock and Stone (Miller, Canfield) appeals the trial court's order dismissing his legal malpractice complaint against Miller, Canfield for lack of standing. Hare's several points on appeal allege error in the court's dismissal of his amended complaint, exclusion of an earlier trust document, and denial of his request for leave to file a second amended complaint which was attached to Hare's motion for rehearing. Our review of the trial court's order on Hare's motion for rehearing shows the court considered Hare's second amended complaint and determined that complaint, like Hare's amended complaint, did not state a cause of action because Hare lacked standing. We agree with Hare that the second amended complaint contained sufficient allegations to satisfy the limited exception to the privity requirement in legal malpractice claims, and reverse.
In 1980 Frederick Tykle (the settlor) executed a Trust Indenture ("1980 Trust") that provided testamentary benefits for his daughter and two then-living grandchildren, one of whom is the appellant, Laurens Tykle Hare. Under the terms of the 1980 Trust, the settlor created a testamentary scheme which channeled the ultimate disposition of the 1980 Trust assets to a marital trust for the benefit of his wife, and to a residuary trust which benefitted both his wife and his daughter. On the death of his daughter her trust assets were to be distributed to her children. If one of the grandchildren predeceased the daughter or the settlor, that grandchild's share would lapse. Hare's second amended complaint alleged that in 1983 the settlor employed the defendants to amend the 1980 Trust so that after the settlor's death his daughter's share of the 1980 Trust would continue to be held in trust for her benefit during her lifetime, and at the death of settlor's daughter, would pass to Hare and his sister, or to whichever may have survived the other.
In 1984, the settlor executed the 1980 Trust's First Amendment (1984 First Amendment). The 1984 First Amendment provided for separate trusts for the grandchildren which terminated and were paid to them in full when they turned 30. It also created a trust for the daughter, the assets of which would be distributed to the grandchildren's trusts on the daughter's death. Article seventh of the 1984 First Amendment also included a clause that if a grandchild should die before receiving his or her full trust, the grandchild could assign his or her interest in the trust through testamentary documents or the interest would pass through the grandchild's estate if the interest was not assigned.
The 1984 First Amendment did not contain a survivorship clause for the grandchildren. As to the lack of a survivorship clause, one of the defendants, George F. deClaire, stated in depositions: "it's something that nobody really thought about in drafting the documents." The settlor died in 1988, the granddaughter died in 1992 and the daughter died in 1995. Hare entered into litigation with his sister's estate over the division of her trust, and eventually reached a settlement. He then *553 brought this legal malpractice action against Miller, Canfield.
The trial court dismissed Hare's amended complaint based on a lack of standing. The court found Hare was not in privity with the defendants and further determined the 1980 Trust on which Hare relied to show a frustration of the settlor's intent was inadmissible extrinsic evidence, implicitly ruling that the 1984 First Amendment superseded the 1980 Trust. We need not determine whether the 1984 First Amendment superseded the 1980 Trust, nor whether the 1980 Trust was properly excluded as extrinsic evidence, because we conclude Hare's second amended complaint adequately alleged standing.
It is well-established "[a]n attorney's liability for negligence in the performance of his or her professional duties is limited to clients with whom the attorney shares privity of contract." See Espinosa v. Sparber, Shevin, Shapo, Rosen and Heilbronner, 612 So.2d 1378, 1379 (Fla.1993) (citing Angel, Cohen and Rogovin v. Oberon Inv., N.V., 512 So.2d 192 (Fla.1987)). Florida recognizes a limited exception to this privity requirement in the area of will drafting which applies to those third parties able to demonstrate the apparent intent of the client in engaging the services of the lawyer was to benefit that third party. Espinosa, 612 So.2d at 1380. Intended third-party beneficiaries of testamentary documents are found to have standing in legal malpractice cases if they are able to show "that the testator's intent as expressed in the will is frustrated by the negligence of the testator's attorney." Id. at 1380 (emphasis omitted).
In the instant case, Hare's second amended complaint contains allegations sufficient to bring him within this narrow exception to the privity requirement in legal malpractice cases and to give him standing. Hare is a beneficiary under the 1984 First Amendment. Hare's second amended complaint alleged the settlor's intent as expressed in the 1984 First Amendment was frustrated by the negligence of the settlor's attorney. Hare's second amended complaint contained allegations which relied solely on ambiguities and inconsistencies apparent on the face of the 1984 First Amendment including the lack of a survivorship clause and the termination of the grandchildren's trusts prior to the event which triggered a distribution of the daughter's trust assets into those trusts. Thus, Hare's second amended complaint alleged the settlor's intent as expressed in the 1984 First Amendment was frustrated by the negligence of the settlor's attorney, without relying on a comparison of the 1980 Trust to the 1984 First Amendment as Hare's amended complaint had done.
On the specific facts before us in this case we conclude the trial court erred in dismissing Hare's second amended complaint with prejudice. We reverse and remand for reinstatement of the second amended complaint, and further proceedings consistent with this opinion.
REVERSED and REMANDED.
STONE and GROSS, JJ., concur.