760 So.2d 1056 (2000)
Nabila BABCOCK, Mousa Shihadeh, Doris Moore, Sylvia Kassess, Davis Shihadeh, and Diana Urbonowicz, Appellants,
v.
Patrick J. MALONE and Patrick J. Malone, P.A., a Florida corporation, Appellees.
No. 4D99-3081.
District Court of Appeal of Florida, Fourth District.
June 21, 2000.
A. Thomas Connick of Boutwell and Connick, Deerfield Beach, for appellants.
Joseph H. Lowe of Stephens, Lynn, Klein & McNicholas, P.A., Miami, for appellees.
KLEIN, J.
Appellants, who were plaintiffs in the trial court, alleged in a complaint that the appellee, a lawyer, was negligent in failing to timely prepare a new will for their uncle. As a result, their uncle died before executing the new will under which plaintiffs would have inherited, and instead they were left nothing. The trial court dismissed the complaint for failure to state a cause of action. We affirm.
The complaint alleges that the defendant, in March, had been retained to prepare a new will for the decedent. Defendant was advised that the decedent wanted to change his prior will and make his nine nieces and nephews, who were not beneficiaries under the prior will, beneficiaries under the new will. It was further alleged that defendant knew that the decedent's health was failing and that time was of the essence, but by the time a draft of the will had been prepared in May, the decedent's health had deteriorated, and he died without executing it.
In Espinosa v. Sparber, Shevin, Shapo, Rosen and Heilbronner, 612 So.2d 1378 (Fla.1993), the issue was whether a child of the decedent, who had not been named in a prior will, could bring suit against the lawyer who had neglected to draft a new will including the child. On certified question, the Florida Supreme Court held that "standing in legal malpractice actions is limited to those who can show that the testator's intent as expressed in the will is frustrated by the negligence of the testator's attorney." Id. at 1380. Because the child in Espinosa had not been named in decedent's prior will, the child did not qualify as an intended third party beneficiary, which is the theory on which this type of action is grounded. The child could not, accordingly, bring a legal malpractice case.
Plaintiffs argue that the present case is distinguishable from Espinosa because in Espinosa there was not even a draft of the new will to demonstrate the testator's intent. In the present case plaintiffs attached *1057 to their complaint an unexecuted copy of the new will as well as defendant's statements for services rendered showing a conference with the decedent, as well as a letter dated May 6 enclosing a revised draft of the will for decedent to execute if it met with his approval. We agree with the plaintiffs that the facts in the present case are stronger than the facts in Espinosa. Nevertheless, as the Espinosa court explained:
If extrinsic evidence is admitted to explain testamentary intent, as recommended by the petitioners, the risk of misinterpreting the testator's intent increases dramatically. Furthermore, admitting extrinsic evidence heightens the tendency to manufacture false evidence that cannot be rebutted due to the unavailability of the testator. For these reasons, we adhere to the rule that standing in legal malpractice actions is limited to those who can show that the testator's intent as expressed in the will is frustrated by the negligence of the testator's attorney. Although Rene did not express in his will and codicils any intention to exclude Patricia, his will and codicils do not, unfortunately, express any affirmative intent to provide for her. Because Patricia cannot be described as one in privity with the attorney or as an intended third-party beneficiary, a lawsuit alleging professional malpractice cannot be brought on her behalf.
Espinosa, 612 So.2d at 1380.
Hare v. Miller, Canfield, Paddock and Stone, 743 So.2d 551 (Fla. 4th DCA 1999), relied on by plaintiffs, is distinguishable and consistent with Espinosa. In Hare, the plaintiff in the malpractice case was a beneficiary of a trust providing testamentary benefits, and the trust contained ambiguities and inconsistencies. The malpractice action was grounded on the negligence of the lawyer in preparing that trust. Because the plaintiff was already a named beneficiary of the trust, this court concluded that the complaint stated a cause of action.
Affirmed.
STEVENSON and HAZOURI, JJ., concur.