675 S.E.2d 431

**Robert A. RYDDE and Brandon Konija, Appellants,**

**v.**

**M. Robin MORRIS, Respondent.**

**No. 26619.**

Supreme Court of South Carolina.

Heard Feb. 4, 2009.

Decided March 23, 2009.

644

Eric S. Bland, of Bland Richter, LLP, of Columbia, Ronald L. Richter, Jr., Bland Richter, LLP, of Charleston, Thomas A. Pendarvis, of Pendarvis Law Offices, PC, of Beaufort, for Appellants.

Susan Taylor Wall, and J.W. Nelson Chandler, both of Parker, Poe, Adams & Bernstein, LLP, of Charleston, for Respondent.

Justice KITTREDGE.

This legal malpractice action presents the following question: whether an attorney's alleged negligent failure to timely draft a will and arrange for its execution permits prospective beneficiaries of the estate to maintain a cause of action for legal malpractice. There is no such claim in South Carolina, and we hold an attorney owes no duty to a prospective beneficiary of a nonexistent will. In so ruling, we affirm the trial court's dismissal of the action.

## I.

Johanna W. Knight was an elderly resident of Myrtle Beach, South Carolina, who died on October 3, 2005, as a result of lung cancer. Approximately one month prior to her death, attorney M. Robin Morris was engaged by Knight to prepare her estate plan. Morris provided Knight with an estate planning questionnaire. Knight returned the estate planning questionnaire to Morris on Thursday, September 22, 2005. Appellants Robert A. Rydde and Brandon Konij a, and others, were included as prospective will beneficiaries in the questionnaire completed by Knight.

On Tuesday, September 27, 2005, Morris delivered to Knight a portion of the requested estate plan documents: a durable healthcare power of attorney and a durable financial power of attorney. These documents were not executed. Knight was incapacitated on September 28, for she was on a respirator in the intensive care unit and was in a drug-induced sleep. As noted, Knight died on October 3.

Because a will was not prepared for execution prior to Knight's death, her estate passed through intestacy. Appellants filed this legal malpractice action under various theories, all of which are premised on the imposition of a duty on Morris in favor of the non-client prospective beneficiaries. Morris answered the complaint by moving to dismiss pursuant to Rule 12(b)(6), SCRCP.

## II.

■ The learned trial judge determined that Appellants' complaint failed to "state facts sufficient to constitute a cause of action." Rule 12(b)(6), SCRCP. On appeal from the dismissal of a case pursuant to Rule 12(b)(6), an appellate court applies the same standard of review as the trial court. *Williams v. Condon*, 347 S.C. 227, 233, 553 S.E.2d 496, 500 (Ct.App.2001). That standard requires the Court to construe the complaint in a light most favorable to the nonmovant and determine if the "facts alleged and the inferences reasonably deducible from the pleadings would entitle the plaintiff to relief on any theory of the case." *Id.* at 233, 553 S.E.2d at 499.

## III.

Appellants assert that attorney Morris owed them a duty to draft a will for Knight (naming Appellants as beneficiaries) between Thursday September 22, 2005, and the following Tuesday, September 27, which was the day before Knight became completely unresponsive. Without pause, we reject the notion of imposing a duty on an attorney in favor of a prospective beneficiary for the attorney's purported negligent failure to timely draft a will.

### A.

■ We begin with South Carolina law. A plaintiff in a legal malpractice action must establish four elements: (1) the existence of an attorney-client relationship; (2) a breach of duty by the attorney; (3) damage to the client; and (4) proximate cause of the client's damages by the breach. *Smith v. Haynsworth, Marion, McKay & Geurard*, 322 S.C. 433, 435 n. 2, 472 S.E.2d 612, 613 n. 2 (1996); *Ellis v. Davidson*, 358 S.C. 509, 523, 595 S.E.2d 817, 824 (Ct.App.2004); *Hall v. Fedor*, 349 S.C. 169, 174, 561 S.E.2d 654, 656 (Ct.App.2002). "Before a claim for malpractice may be asserted, there must exist an attorney-client relationship." *Am. Fed. Bank, FSB v. No. One Main Joint Venture*, 321 S.C. 169, 174, 467 S.E.2d 439, 442 (1996); *see also Pye v. Estate of Fox*, 369 S.C. 555, 564, 633 S.E.2d 505, 509 (2006) ("[A]n attorney is immune from liability to third persons arising from the performance of

his professional activities as an attorney on behalf of and with the knowledge of his client." (quoting *Gaar v. N. Myrtle Beach Realty Co., Inc.,* 287 S.C. 525, 528,· 339 S.E.2d 887, 889 (Ct.App.1986))).

## B.

Our decision today not to impose a duty on an attorney in favor of a prospective beneficiary for alleged negligent failure to draft a will follows the law in other jurisdictions. We find persuasive the reasoning of decisions from New Hampshire, Connecticut, and Florida. We reference these three jurisdictions, for these states recognize generally that an attorney owes a duty to a non-client intended beneficiary of an executed will where it is shown that the testator's intent has been defeated or diminished by negligence on the part of the attorney, resulting in loss to the beneficiary. Having relaxed the traditional privity requirement in legal malpractice claims, these states nevertheless draw the line and refuse for compelling policy reasons to permit a malpractice claim by a non-client for negligent failure to draft a will.[1]

The Connecticut Supreme Court was presented with this issue in *Krawczyk v. Stingle,* 208 Conn. 239, 543 A.2d 733 (1988). While acknowledging its precedent permitting a cause of action against an attorney who failed to draft a will in conformity with a testator's wishes, the *Krawczyk* court addressed "whether such liability should be further expanded to encompass negligent delay in completing and furnishing estate planning documents for execution by the client." *Id.* at 735. The Connecticut Supreme Court concluded "that the imposition of liability to third parties for negligent delay in the execution of estate planning documents would not comport with a lawyer's duty of undivided loyalty to the client." *Id.* at

---

1. While Connecticut, New Hampshire, and Florida all recognize that a non-client may maintain a legal malpractice claim under certain circumstances, these states follow different approaches. These states, however, are uniform in their rejection of a claim by a non-client for alleged negligence for the failure to draft a will. For an in depth analysis of the different approaches in the Nation, see Max. N. Pickelsimer, Comment, *Attorney Malpractice in Will Drafting: Will South Carolina Expand Privity to Impose a Duty to Intended Beneficiaries of a Will?,* 58 S.C. L. REV. 581, 585–98 (2007).

736. *Krawczyk* advanced the following policy rationale for its decision, with which we concur:

> A central dimension of the attorney-client relationship is the attorney's duty of "[e]ntire devotion to the interest of the client." This obligation would be undermined were an attorney to be held liable to third parties if, due to the attorney's delay, the testator did not have an opportunity to execute estate planning documents prior to death. Imposition of liability would create an incentive for an attorney to exert pressure on a client to complete and execute estate planning documents summarily. Fear of liability to potential third party beneficiaries would contravene the attorney's primary responsibility to ensure that the proposed estate plan effectuates the client's wishes and that the client understands the available options and the legal and practical implications of whatever course of action is ultimately chosen. These potential conflicts of interest are especially significant in the context of the final disposition of a client's estate, where the testator's testamentary capacity and the absence of undue influence are often central issues.

*Id.* (internal citations omitted).

In *Sisson v. Jankowski,* 148 N.H. 503, 809 A.2d 1265 (2002), the New Hampshire Supreme Court answered a certified question from the United States District Court for the District of New Hampshire: "[w]hether ... an attorney's negligent failure to arrange for his or her client's timely execution of a will ... which failure proximately caused the client to die intestate, gives rise to a viable common law claim against that attorney by an intended beneficiary of the unexecuted will." *Id.* at 1265–66. *Sisson,* relying on *Krawczyk* and other authorities, answered the question in the negative. By focusing on "the importance of an attorney's undivided loyalty to a client," the *Sisson* analysis mirrors the self-evident policy considerations discussed in *Krawczyk.*

> [W]e conclude that the risk of interfering with the attorney's duty of undivided loyalty to the client exceeds the risk of harm to the prospective beneficiary. For these reasons, we join the majority of courts that have considered this issue and hold that an attorney does not owe a duty of care

to a prospective will beneficiary to have the will executed promptly.

*Id.* at 1270.

We next turn to a Florida Court of Appeals case, *Babcock v. Malone,* 760 So.2d 1056 (Fla.Dist.Ct.App.2000). Babcock and others filed a lawsuit alleging that their uncle's lawyer was "negligent in failing to timely prepare a new will for [him]. As a result, their uncle died before executing the new will under which [Babcock and the others] would have inherited, and instead they were left nothing." *Id.* at 1056. The trial court dismissed the lawsuit for failure to state a cause of action. *Babcock* focused on the absence of an executed will and rejected the legal malpractice claim, noting the "risk of misinterpreting the testator's intent" and the "heighten[ed] ... tendency to manufacture false evidence that cannot be rebutted due to the unavailability of the testator." *Id.* at 1057 (quoting *Espinosa v. Sparber, Shevin, Shapo, Rosen & Heilbronner,* 612 So.2d 1378, 1380 (Fla.1993)).

## C.

And finally, this Court's recent recognition of a physician's limited duty to third parties lends Appellants no support. In *Hardee v. Bio–Medical Applications of S.C., Inc.,* 370 S.C. 511, 636 S.E.2d 629 (2006), a physician failed to warn a patient of the ill effects that could result from dialysis treatment. While driving home following the dialysis treatment, the patient lost control of his vehicle and collided with a vehicle in which Allene and Kathleen Hardee were traveling. The Hardees filed a tort action against the physician for failure to provide appropriate warnings to the patient.

We reversed the trial court's grant of summary judgment to the physician and noted that "a medical provider has a duty to warn [the patient] of the dangers associated with medical treatment." *Id.* at 516, 636 S.E.2d at 631. Based on the duty to warn the patient, we held that "a medical provider who provides treatment which it knows may have detrimental effects on a patient's capacities and abilities owes a duty to prevent harm to patients and to reasonably foreseeable third parties by warning the patient of the attendant risks and effects before administering the treatment." *Id.* at 516, 636

S.E.2d at 631–32. Appellants misapprehend the reach of *Hardee.*

The central feature in *Hardee's* "very narrow holding" is the recognition that "this duty owed to third parties is identical to the duty owed to the patient." *Id.* at 516, 636 S.E.2d at 632. Thus, a medical provider's breach of a potential duty to reasonably foreseeable third parties is inextricably connected to a breach of duty to the patient. We stressed that "our holding does not hamper the doctor-patient relationship." *Id.* at 516, 636 S.E.2d at 632.

*Hardee* lends Appellants no aid. The imposition of a duty on an attorney to a prospective beneficiary of a nonexistent will would wreak havoc on the attorney's ethical duty of undivided loyalty to the client and force an impermissible wedge in the attorney-client relationship. The rationale and policy underpinnings of *Hardee* support our rejection of the duty Appellants seek to impose.

## IV.

In sum, under the circumstances presented, we see no reason to depart from existing law which imposes a privity requirement as a condition to maintaining a legal malpractice claim in South Carolina. We hold an attorney owes no duty to a prospective beneficiary of a nonexistent will. The judgment of the trial court is

**AFFIRMED.**

TOAL, C.J., WALLER, PLEICONES and BEATTY, JJ., concur.