695 S.E.2d 842

Erick L. BRADSHAW, Sr., Doreen Montepara,
and Michael Montepara, Appellants,

v.

ANDERSON COUNTY, Edwin E. Moore, Individually, Thomas
Allen, Individually, and Robert E. Waldrep, Jr.,
Individually, Respondents.

No. 26830.

Supreme Court of South Carolina.

Heard May 12, 2010.
Decided June 28, 2010.

258

Candy Kern–Fuller, of Easley, for Appellants.

Francis G. Delleney, Jr. and Brian T. Grier, both of Hamilton, Delleney & Gibbons, of Chester; Frank S. Holleman, III, J. Theodore Gentry, and David H. Koysza, all of Wyche, Burgess, Freeman & Parham, of Greenville, for Respondents.

Justice KITTREDGE:

Appellants [1] appeal from the trial court's dismissal of their declaratory judgment action against Respondents Anderson County Council and three individual council members (collectively, "the Council"). The gravamen of Appellants' challenge is their contention that the Council violated the Home Rule Act by engaging professionals to investigate the conduct of the former county council, especially concerning contracts related to the former and current County Administrators. The trial court determined the Home Rule Act empowers a county council, operating within a "Council–Administrator" form of government, to conduct such an investigation and dismissed Appellants' complaint. We affirm.

---

1. Appellants are Anderson County taxpayers.

## I.

The voters of Anderson County elected a new County Council in November 2008. In late 2008, after the election, but prior to the installation of the new Council, the former Council declared an "anticipatory breach" of County Administrator Joey Preston's contract and awarded Preston over $1 million. The former Council also promoted Preston's assistant, Deputy Administrator Michael Cunningham, to the Administrator's position and awarded him a three-year contract.

The new Council was sworn into office on January 6, 2009. The new Council launched an investigation into the County's business and financial practices, including a review of the post-election contracts awarded by the former Council. By unanimous resolution, the Council selected Robert Daniel, a certified public accountant and investigative auditor, to serve as "chief financial investigator," and it engaged the accounting firm of Greene and Company to assist Daniel with the investigation. The Council additionally engaged attorney William W. Wilkins, Jr. and his law firm, Nexsen Pruet, to serve as "Special Legal and Investigative Counsel" throughout the investigation.[2]

In February 2009, Erick Bradshaw, Fred Foster, and Cordes Seabrook (the initial Plaintiffs) filed an action seeking to restrain the Council's investigation of the County's business practices. Plaintiffs additionally sought a declaratory judgment that the Council had violated both the South Carolina Home Rule Act and the procurement provisions of the Anderson County Code by hiring Daniel and engaging Greene and Company, Wilkins, and Nexsen Pruet to conduct the investigation.

In response to Plaintiffs' lawsuit, the Council hired the Wyche, Burgess, Freeman, and Parham Law Firm ("the Wyche Firm") to defend the County. Thereafter, Plaintiffs amended their complaint to: (1) seek injunctive relief and a declaratory judgment regarding the engagement of the Wyche

---

2. The trial court's order noted that the County Attorney "had concluded he could not represent [Council] in this action." The County Attorney answers to the County Administrator, whose office is a subject of the inquiry.

Firm; (2) add Plaintiffs Doreen and Michael Montepara; (3) seek actual damages and attorneys' fees from Anderson County; and (4) seek punitive damages against individual Council members Edwin Moore, Thomas Allen, and Robert Waldrep, Jr.

On February 25, 2009, the trial court heard arguments concerning Plaintiffs' attempt to halt the Council's investigation. Shortly after the arguments, two of the initial Plaintiffs, Fred Foster and Cordes Seabrook, voluntarily dismissed their claims. On March 9, 2009, the court denied injunctive relief after finding Plaintiffs had failed to establish the elements of likelihood of success on the merits and irreparable harm. The trial court's order denying the Plaintiffs' action for injunctive relief stated:

Anderson County's elected County Council members have decided the investigation is in the best interests of all the County's residents, taxpayers and voters. An injunction would interfere with the investigation and the County Council's attempt to learn about the County's contracts and financial dealings. The County Council members are accountable to the voters, as fully demonstrated by the last County Council election.

The trial court subsequently dismissed Plaintiffs' amended complaint. The court found the Home Rule Act expressly authorized the Council to conduct an investigation without acting through the County Administrator. The court's order of dismissal explained:

Taking the factual allegations of the Amended Complaint as true, the Anderson County Council's investigation, and its hiring of professionals to carry out that investigation, are thus fully consistent with the South Carolina Home Rule Act. . . .

Indeed, it would make no sense for the Council to be required to go through the administrator to investigate the operation of county government or to hire investigators and legal counsel. In this case, the plaintiffs' amended complaint recites that the contracts of the former county administrator and of the then-current county administrator were

two of the subjects of the County Council's investigation. Such a requirement would require the Council to put the investigation in the hands of the person who oversaw the business operations that the Council may be seeking to investigate and, in this case, whose contract is a subject of the investigation. It would likewise make no sense for the Council to be required to turn over the legal defense of the investigation to the county administrator and the legal counsel of his choosing, when the administrator's actions and operations under his control may be the subject of the investigation. The Home Rule Act does not require such absurd results. Under the Home Rule Act, the Council has the express authority to conduct its own investigations as it sees fit, without acting through the county administrator to investigate these contracts or other aspects of the County's business and finances.

Oversight of a county's business and finances is one of the fundamental responsibilities of a county council. The county council must have the ability to investigate or inquire concerning the operation of the county government without placing the investigation in the hands of the administrator who has overseen the matters that may be the subject of the investigation. The Home Rule Act creates no obstacles to this basic function of a county council, and in fact, expressly recognizes the authority of a county council to undertake an investigation without acting through the county administrator.

Following dismissal of the complaint, Appellants appealed; the appeal was certified to this Court.

## II.

Anderson County operates under a "Council–Administrator" form of government, pursuant to South Carolina Code Ann. §§ 4–9–610 to –670 (1986 & Supp.2009). The entire seven-member Council is elected every other year. The Council employs an Administrator who is responsible for managing the various departments that are under the Council's control. S.C.Code Ann. § 4–9–620.

## A.

## Rule 12(b)(6), SCRCP

The trial court dismissed Appellants' case pursuant to Rule 12(b)(6) of the South Carolina Rules of Civil Procedure. This Rule permits a defendant to move for a judgment on the pleadings when the defendant contends the complaint fails "to state facts sufficient to constitute a cause of action." Rule 12(b)(6), SCRCP. The reviewing Court is required "to construe the complaint in a light most favorable to the nonmovant and determine if the 'facts alleged and the inferences reasonably deducible from the pleadings would entitle the plaintiff to relief on any theory of the case.'" *Rydde v. Morris,* 381 S.C. 643, 646, 675 S.E.2d 431, 433 (2009) (quoting *Williams v. Condon,* 347 S.C. 227, 233, 553 S.E.2d 496, 500 (Ct.App.2001)).

## B.

## Home Rule Act

Article 7 of the South Carolina Home Rule Act defines the "Council–Administrator" form of government. S.C.Code Ann. §§ 4–9–610 to –670 (1986 & Supp.2009). Under this governance structure, the Council employs an Administrator to serve as the County's chief administrative officer and to direct all departments under the Council's control. The resolution of this appeal turns on whether the trial court correctly construed the Home Rule Act as expressly authorizing the Council to conduct its own investigation into the County's business practices and to engage professionals needed to carry out the investigation. The statutory language manifestly establishes the legislature's intent:

> **Except for the purposes of inquiries and investigations,** the council shall deal with county officers and employees who are subject to the direction and supervision of the county administrator solely through the administrator, and neither the council nor its members shall give orders or instructions to any such officers or employees.

S.C.Code Ann. § 4–9–660 (emphasis added); *see also* S.C.Code Ann. § 4–9–25 (Supp.2009) ("The powers of a county must be liberally construed in favor of the county and the specific mention of particular powers may not be construed as limiting in any manner the general powers of counties.").

## III.

Appellants contend the trial court erred in finding the Home Rule Act permits a county council operating under the Council–Administrator form of government to directly engage professionals "for the purposes of inquiries and investigations." We disagree and adopt the well-reasoned order of the trial court. Section 4–9–660 expressly authorizes the very action taken by the Council.[3] Beyond the unambiguous language in section 4–9–660, we further note the absurdity of requiring an administrator, who is answerable to the council and not the electorate, to investigate himself.

We further reject Appellants' argument that the Council's investigatory actions are prohibited under the Anderson County Code. This challenge is not preserved, for the trial court's order contains the unchallenged finding that "[a]ll counsel agreed at oral argument that the provisions of the Home Rule Act prevail over any contrary provisions of the Anderson County Code." In any event, the Anderson County Code is not in conflict with the Home Rule Act, including section 4–9–660.

## IV.

Under the "Council–Administrator" form of government a county council has the authority pursuant to section 4–9–660 of the Home Rule Act to conduct "inquiries and investigations."

**AFFIRMED.**

TOAL, C.J., PLEICONES, HEARN, JJ., and Acting Justice JAMES E. MOORE, concur.

---

3. Appellants' reliance on an April 4, 2008 Attorney General letter is misplaced. That letter was in response to an entirely different situation concerning an administrator's authority to hire "internal auditors." An administrator's general authority is not before us. The question before us concerns a council's authority to independently conduct an investigation in light of section 4–9–660 of the Home Rule Act. A council clearly has such authority.