**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Deutsche Bank National Trust Company, as Trustee for J.P. Morgan Mortgage Acquisition Trust 2007-CH1, Asset Backed Pass Through Certificates, Series 2007-CH1, Respondent,

v.

Cora B. Wilks, David C. Wilks, Chase Bank USA, N.A., and Midland Funding, LLC, Defendants,

Of Whom Cora B. Wilks and David C. Wilks are Appellants.

Appellate Case No. 2013-001524

———————————

Appeal From York County
S. Jackson Kimball, III, Special Circuit Court Judge

———————————

Unpublished Opinion No. 2015-UP-110
Submitted January 1, 2015 – Filed March 4, 2015

———————————

**AFFIRMED**

———————————

John Martin Foster, of Rock Hill, for Appellants.

Benjamin Rush Smith, III, and Michael J. Anzelmo, both of Nelson Mullins Riley & Scarborough, LLP, of Columbia, for Respondent.

_____

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: *Wilder Corp. v. Wilke*, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) ("It is axiomatic that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial [court] to be preserved for appellate review."); *Elam v. S.C. Dep't of Transp.*, 361 S.C. 9, 24, 602 S.E.2d 772, 780 (2004) (holding when the trial court fails to rule on an issue properly before it, a party must file a Rule 59(e), SCRCP, motion to preserve the issue for appellate review).[1]

**AFFIRMED.**[2]

**HUFF, SHORT, and KONDUROS, JJ., concur.**

_____

[1] We also find Appellants' argument fails on the merits. *See Rydde v. Morris*, 381 S.C. 643, 646, 675 S.E.2d 431, 433 (2009) ("On appeal from the dismissal of a case pursuant to Rule 12(b)(6),[ SCRCP,] an appellate court applies the same standard of review as the trial court."); *id.* ("That standard requires the [c]ourt to construe the complaint in a light most favorable to the nonmovant and determine if the facts alleged and the inferences reasonably deducible from the pleadings would entitle the plaintiff to relief on any theory of the case." (internal quotation marks omitted)); *Matrix Fin. Servs. Corp. v. Frazer*, 394 S.C. 134, 140, 714 S.E.2d 532, 535 (2011) ("[A] lender may not enjoy the benefit of equitable remedies when that lender failed to have attorney supervision during the loan process as required by our law."); *id.* ("We apply this ruling to all filing dates after the issuance of this opinion.").

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.