**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Elvia Stoppiello and Gilberto Garcia, Appellants,

v.

William D. Turner and Charter Communications, LLC, Respondents.

Appellate Case No. 2019-000046

―――――――――

Appeal From Greenville County
Letitia H. Verdin, Circuit Court Judge

―――――――――

Unpublished Opinion No. 2021-UP-151
Submitted April 1, 2021 – Filed May 5, 2021

―――――――――

**AFFIRMED**

―――――――――

Brian T. Smith, of Brian T. Smith Law Offices, of Greenville, for Appellants.

Michelle Deluca Yarbrough and Natalie Rae Ecker, both of Gallivan, White & Boyd, PA, of Greenville, for Respondents.

―――――――――

**PER CURIAM:**  Elvia Stoppiello and her husband, Giberto Garcia, appeal the circuit court's order dismissing their complaint against William Turner and Charter Communications (Charter) on May 24, 2018, regarding an automobile accident

that occurred on April 21, 2015, in which Stoppiello sustained injuries.  Stoppiello and Garcia argue the circuit court erred in dismissing their complaint against Turner and Charter under Rule 12(b)(6), SCRCP, and sections 15-3-530(5) and 15-3-535 of the South Carolina Code (2005).  Stoppiello also asserts the statute of limitations should be tolled to five years pursuant to section 15-3-40 of the South Carolina Code (2005).  We affirm pursuant to Rule 220(b), SCACR, and the following authorities.

1.  We find the circuit court did not err in dismissing the complaint pursuant to Rule 12(b)(6) or sections 15-3-530(5) and 15-3-535 because Stoppiello knew or should have known of the injuries she sustained in the accident prior to a concussion diagnosis on March 28, 2016.  Stoppiello's medical reports indicate she suffered from headaches, light-headedness, and dizziness two weeks following the accident and sought medical attention.  As a result, Stoppiello was aware of the injuries she sustained in the accident, and we find the complaint was not timely filed on May 24, 2018, because the statute of limitations had expired.  *See Rydde v. Morris*, 381 S.C. 643, 646, 675 S.E.2d 431, 433 (2009) ("On appeal from the dismissal of a case pursuant to Rule 12(b)(6), an appellate court applies the same standard of review as the [circuit] court."); *id.* ("That standard requires the [c]ourt to construe the complaint in a light most favorable to the nonmovant and determine if the 'facts alleged and the inferences reasonably deducible from the pleadings would entitle the plaintiff to relief on any theory of the case.'" (quoting *Williams v. Condon*, 347 S.C. 227, 233, 553 S.E.2d 496, 499 (Ct. App. 2001))); *Condon*, at 233, 553 S.E.2d at 499 ("The motion will not be sustained if the facts alleged and the inferences reasonably deducible from the pleadings would entitle the plaintiff to relief on any theory of the case."); *id.* ("The question to be considered is whether, in the light most favorable to the plaintiff, the pleadings articulate any valid claim for relief."); § 15-3-535 ("[A]ll actions initiated under Section 15-3-530(5) must be commenced within three years after the person knew or by the exercise of reasonable diligence should have known that he had a cause of action."); *Snell v. Columbia Gun Exch.*, 276 S.C. 301, 303, 278 S.E.2d 333, 334 (1981) ("The exercise of reasonable diligence means simply that an injured party must act with some promptness where the facts and circumstances of an injury would put a person of common knowledge and experience on notice that some right of his has been invaded or that some claim against another party might exist. The statute of limitations begins to run from this point and not when advice of counsel is sought or a full-blown theory of recovery developed."); *Republic Contracting Corp. v. S.C. Dep't of Highways & Pub. Transp.*, 332 S.C. 197, 207, 503 S.E.2d 761, 766 (Ct. App. 1998) ("The statute of limitations . . . runs from the date the injury is discoverable by the exercise of reasonable diligence."); *id.* ("An

injured party must act promptly when the facts and circumstances of the injury would place a reasonable person on notice that a claim against another party might exist.").

2.  As to whether section 15-3-40 of the South Carolina Code (2005) tolled the statute of limitations, we find Stoppiello did not submit evidence showing she met the standard of insanity as required by the statute.  Stoppiello did not present any evidence, through medical reports or otherwise, that she lacked understanding, was incapable of managing her affairs, did not understand her own rights, or was unable to function in society.  *See* § 15-3-40 ("If a person entitled to bring an action . . . is at the time the cause of action accrued . . . insane; the time of the disability is not a part of the time limited for the commencement of the action . . . .); *Wiggins v. Edwards*, 314 S.C. 126, 129, 442 S.E.2d 169, 170 (1994) ("The general rule as to the standard for insanity under tolling statutes is that: Insanity or mental incompetency that tolls the statute of limitations consists of a mental condition which precludes understanding the nature or effects of one's acts, an incapacity to manage one's affairs, an inability to understand or protect one's rights, because of an over-all inability to function in society, or the mental condition is such as to require care in a hospital.").

**AFFIRMED.**[1]

**WILLIAMS, THOMAS, and HILL, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.