**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Thelma R. Garrick, Appellant,

v.

Dr. George H. Khoury and Bon Secours St. Francis West Ashley, Respondents.

Appellate Case No. 2018-001842

───────────────

Appeal From Charleston County
Diane Schafer Goodstein, Circuit Court Judge

───────────────

Unpublished Opinion No. 2021-UP-166
Submitted March 1, 2021 – Filed May 12, 2021

───────────────

**AFFIRMED**

───────────────

Thelma R. Garrick, of Orangeburg, pro se.

Joseph John Tierney, Jr., of Rogers Townsend LLC, of Charleston; and Stephen Lynwood Brown and Russell Grainger Hines, both of Clement Rivers, LLP, of Charleston, all for Respondents.

───────────────

**PER CURIAM:** Thelma R. Garrick, pro se, appeals the circuit court's order dismissing her medical malpractice action against Dr. George H. Khoury and Bon

Secours Roper St. Francis West Ashley (collectively, Respondents). We affirm pursuant to Rule 220(b) of the South Carolina Appellate Court Rules.

The circuit court did not err in dismissing Garrick's complaint alleging medical malpractice against Respondents because Garrick failed to file a notice of intent to file suit and an affidavit of an expert witness as required under sections 15-17-125(A) and 15-36-100(B)-(C)(1) of the South Carolina Code (2005 & Supp. 2020). *See Grimsley v. S.C. Law Enf't Div.*, 396 S.C. 276, 281, 721 S.E.2d 423, 426 (2012) ("On appeal from the dismissal of a case pursuant to Rule 12(b)(6), an appellate court applies the same standard of review as the [circuit] court." (quoting *Rydde v. Morris*, 381 S.C. 643, 646, 675 S.E.2d 431, 433 (2009))); *id.* ("That standard requires the [c]ourt to construe the complaint in a light most favorable to the nonmovant and determine if the facts alleged and the inferences reasonably deducible from the pleadings would entitle the plaintiff to relief on any theory of the case." (quoting *Rydde*, 381 S.C. at 646, 675 S.E.2d at 433)); *id.* ("If the facts alleged and inferences deducible therefrom would entitle the plaintiff to any relief, then dismissal under Rule 12(b)(6) is improper."); S.C. Code Ann. § 15-79-125(A) ("Prior to filing or initiating a civil action alleging injury or death as a result of medical malpractice, the plaintiff shall contemporaneously file a Notice of Intent to File Suit and an affidavit of an expert witness, . . ."); S.C. Code Ann. § 15-36-100(B) ("[I]n an action for damages alleging professional negligence against a professional licensed by or registered with the State of South Carolina and listed in subsection (G) or against any licensed health care facility alleged to be liable based upon the action or inaction of a health care professional licensed by the State of South Carolina and listed in subsection (G), the plaintiff must file as part of the complaint an affidavit of an expert witness which must specify at least one negligent act or omission claimed to exist and the factual basis for each claim based on the available evidence at the time of the filing of the affidavit."); S.C. Code Ann. § 15-36-100(G)(7) (2005) ("This section applies to the following professions: . . . medical doctors; . . ."); S.C. Code Ann. § 15-36-100(C)(1) ("If an affidavit is not filed within the period specified in this subsection or as extended by the [circuit] court and the defendant against whom an affidavit should have been filed alleges, by motion to dismiss filed contemporaneously with its initial responsive pleading that the plaintiff has failed to file the requisite affidavit, the complaint is subject to dismissal for failure to state a claim. . . .").

As to Garrick's arguments that she had a valid reason to request a continuance and she is entitled to a judgment on the merits, we find these issue are not preserved for appellate review because the circuit court did not rule on Garrick's continuance

motion or the merits of her medical malpractice action. *See Wilder Corp. v. Wilke,* 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) ("It is axiomatic that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the [circuit court] to be preserved for appellate review.").

**AFFIRMED.**[1]

**LOCKEMY, C.J., and HUFF and HEWITT, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.