**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Flint Equipment Company, Respondent,

v.

North Edisto Logging, Inc. and Paul Gunter, Appellants.

Appellate Case No. 2018-001449

———————

Appeal From Lexington County
Jocelyn Newman, Circuit Court Judge

———————

Unpublished Opinion No. 2021-UP-282
Submitted April 1, 2021 – Filed July 21, 2021

———————

**REVERSED AND REMANDED**

———————

David Randolph Whitt, of Fleming & Whitt, PA, of West Columbia, for Appellants.

Matthew Drew DeMott, of Moore Clarke DuVall & Rodgers, of Savannah, Georgia, for Respondent.

———————

**PER CURIAM:** In this contract dispute, North Edisto Logging, Inc. (North Edisto) appeals the trial court's dismissal of its counterclaims pursuant to Rule 12(b)(6), SCRCP. We reverse and remand.

Flint Equipment Company (Flint) and North Edisto executed and entered into an agreement whereby Flint agreed to provide North Edisto with goods and services relating to North Edisto's logging business and equipment. In April 2017, North Edisto asked Flint to repair a large piece of tree cutting equipment, and Flint made the requested repairs. Flint sent North Edisto an invoice in the amount of $10,483.53, but North Edisto failed to pay. Flint filed suit against North Edisto for breach of contract in an effort to recoup payment for its services and repairs. North Edisto filed an unverified answer and three counterclaims. The first counterclaim was titled "Class Action, Rule 23, SCRCP," and the second and third counterclaims were nearly identical, asserting a breach of the implied duty of good faith and fair dealing. Flint filed a motion to dismiss North Edisto's counterclaims pursuant to Rules 12(b) and (f), SCRCP.

On May 8, 2018, the trial court heard arguments regarding Flint's motion and later, on July 2, 2018, issued an order dismissing North Edisto's counterclaims with prejudice. This appeal followed.

We find the trial court erred in dismissing North Edisto's counterclaims with prejudice without affording North Edisto an opportunity to amend its pleadings. *See Rydde v. Morris*, 381 S.C. 643, 646, 675 S.E.2d 431, 433 (2009) ("On appeal from the dismissal of a case pursuant to Rule 12(b)(6), an appellate court applies the same standard of review as the trial court."). "When a trial court finds a complaint fails 'to state facts sufficient to constitute a cause of action' under Rule 12(b)(6), the court should give the plaintiff an opportunity to amend the complaint pursuant to Rule 15(a)[, SCRCP,] before filing the final order of dismissal." *Skydive Myrtle Beach, Inc. v. Horry County*, 426 S.C. 175, 179, 826 S.E.2d 585, 587 (2019) (quoting Rule 12(b)(6), SCRCP); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962) (stating when a complaint is dismissed pursuant to Rule 12(b)(6), leave to amend should be freely given). A trial court does not have discretion to "dismiss a complaint with prejudice for failure to state a claim under Rule 12(b)(6) without at least considering whether to allow leave to amend under Rule 15(a)." *Skydive*, 426 S.C. at 189, 826 S.E.2d at 592. Therefore, a trial court may not "dismiss a claim with prejudice unless the plaintiff is given a meaningful chance to amend the complaint, and after considering the amended pleading, the court is certain there is no set of facts upon which relief can be granted." *Id.* "Rule 15(a) 'strongly favors amendments and the court is encouraged to freely grant leave to amend.'" *Id.* at 180, 826 S.E.2d at 587 (quoting *Patton v. Miller*, 420 S.C. 471, 489, 804 S.E.2d 252, 261 (2017)).

Further, under Rule 203(b)(1), SCACR, the "notice of appeal shall be served on all respondents within thirty (30) days after receipt of written notice of entry of the order or judgment." The thirty-day notice requirement is only stayed if a Rule 59(e) motion is filed, an option only available to parties that have a "legitimate argument the trial court erred in finding the complaint deficient." *See Skydive* 426 S.C. at 181, 826 S.E.2d at 588. When a party has no legitimate argument as to the merits of a 12(b)(6) dismissal, that party has no way of tolling the thirty-day deadline for filing an appeal while a motion to amend is litigated. *Id.* Therefore, a party that chooses to replead is prevented from doing so by an order that dismisses a claim under 12(b)(6) "with prejudice." *Id.*

In this case, the trial court dismissed North Edisto's counterclaims pursuant to Rule 12(b)(6) with prejudice. The record is void of evidence showing the trial court considered allowing North Edisto to amend its pleadings before filing the final order of dismissal. This was an error. *See id.* at 179, 826 S.E.2d at 587 ("When a trial court finds a complaint fails 'to state facts sufficient to constitute a cause of action' under Rule 12(b)(6), the court should give [a party] an opportunity to amend [its complaint] pursuant to Rule 15(a) before filing the final order of dismissal." (quoting Rule 12(b)(6))). Further, the trial court erred in granting Flint's motion to dismiss "with prejudice" because it effectively precluded North Edisto from filing and litigating a post-ruling motion to amend under Rule 15(a). *See id.* at 182, 826 S.E.2d at 588 (stating a trial court erred in dismissing a claim under 12(b)(6) "with prejudice").

Based on the foregoing, the trial court's order is reversed and remanded for further proceedings consistent with this opinion.

**REVERSED AND REMANDED.**[1]

**WILLIAMS, THOMAS, and HILL, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.