**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Daniel Pruitt, Appellant,

v.

Kyle Parker and Pope & Hudgens Attorneys, PA, Respondents.

Appellate Case No. 2021-000179

———————————

Appeal From Newberry County
Frank R. Addy, Jr., Circuit Court Judge

———————————

Unpublished Opinion No. 2022-UP-043
Submitted January 31, 2022 – Filed February 9, 2022

———————————

**AFFIRMED**

———————————

Daniel Pruitt, of Dunedin, Florida, pro se.

Jessica Waller Laffitte and John Edward Cuttino, both of Gallivan, White & Boyd, PA, of Columbia, for Respondents.

———————————

**PER CURIAM:** Daniel Pruitt appeals the circuit court's order affirming the magistrate's grant of summary judgment to Respondents Kyle Parker and Pope & Hudgens Attorneys, PA. On appeal, Pruitt contends (1) he established a cause of

action for legal malpractice and (2) his breach of contract claim was not barred by the statute of limitations. We affirm pursuant to Rule 220(b), SCACR.

1. Pruitt failed to file an expert affidavit with his complaint as required by section 15-36-100(B) of the South Carolina Code (Supp. 2020). *See Rydde v. Morris*, 381 S.C. 643, 646, 675 S.E.2d 431, 433 (2009) ("On appeal from the dismissal of a case pursuant to Rule 12(b)(6), [SCRCP,] an appellate court applies the same standard of review as the trial court."); *id.* ("That standard requires the Court to construe the complaint in a light most favorable to the nonmovant and determine if the 'facts alleged and the inferences reasonably deducible from the pleadings would entitle the plaintiff to relief on any theory of the case.'" (quoting *Williams v. Condon*, 347 S.C. 227, 233, 553 S.E.2d 496, 499 (Ct. App. 2001))); S.C. Code Ann. § 15-36-100(B) ("[I]n an action for damages alleging professional negligence against a professional licensed by or registered with the State of South Carolina and listed in subsection (G) . . . the plaintiff must file as part of the complaint an affidavit of an expert witness which must specify at least one negligent act or omission claimed to exist and the factual basis for each claim based on the available evidence at the time of the filing of the affidavit."); S.C. Code Ann. § 15-36-100(G)(2) (Supp. 2020) ("This section applies to the following professions: . . . attorneys at law . . . ."); S.C. Code Ann. § 15-36-100(C)(1) (Supp. 2020) ("If an affidavit is not filed within the period specified in this subsection or as extended by the [circuit] court and the defendant against whom an affidavit should have been filed alleges, by motion to dismiss filed contemporaneously with its initial responsive pleading that the plaintiff has failed to file the requisite affidavit, the complaint is subject to dismissal for failure to state a claim . . . .").[1] Further, we find an expert affidavit was necessary. *See* 15-36-100(C)(2)("The contemporaneous filing requirement of subsection (B) is not required to support a pleaded specification of negligence involving subject matter that lies within the ambit of common knowledge and experience, so that no special learning is needed to evaluate the conduct of the defendant."); *Mali v. Odom*, 295 S.C. 78, 80, 367 S.E.2d 166, 168 (Ct. App. 1988) ("A plaintiff in a legal malpractice case must

---

[1] To the extent Pruitt contends Respondents did not contemporaneously file their motion to dismiss or allege the existence of the missing affidavit, Pruitt never argued to the circuit court that dismissal of the action on the basis he failed to file an expert affidavit was not appropriate. *See Wilder Corp. v. Wilke*, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) ("It is axiomatic that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial judge to be preserved for appellate review.").

ordinarily establish by expert testimony the standard of care, unless the subject matter is of common knowledge to laypersons.").

2.  To the extent Pruitt asserts a claim for breach of contract, the statute of limitations began to run at the latest in February 2017 when the circuit court relieved Parker as counsel for Pruitt.  Accordingly, any breach of contract claim asserted in Pruitt's May 2020 complaint was barred by the statute of limitations. *See Rydde*, 381 S.C. at 646, 675 S.E.2d at 433 ("On appeal from the dismissal of a case pursuant to Rule 12(b)(6), an appellate court applies the same standard of review as the trial court."); S.C. Code Ann. § 15-3-530(1) (2005) (providing the statute of limitations for a breach of contact claim is three years).

**AFFIRMED.**[2]

**THOMAS, GEATHERS, and VINSON, JJ., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.