**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Mark Rutland, as Power of Attorney for Mary Hoover, Appellant,

v.

Jeremy Locklair and Orangeburg Post Acute LLC d/b/a Edisto Post Acute, Respondents.

Appellate Case No. 2022-000088

———————

Appeal From Orangeburg County
G. D. Morgan, Jr., Circuit Court Judge

———————

Unpublished Opinion No. 2024-UP-073
Submitted February 13, 2024 – Filed March 13, 2024

———————

**AFFIRMED IN PART AND REVERSED IN PART**

———————

Virginia Watson Williams, of Williams & Williams, of Orangeburg, for Appellant.

Ashley Sumner Heslop, of Hall Booth Smith, PC, of Mt. Pleasant; and Daniel Richard Fuerst, of Moore & Van Allen, PLLC, of Charleston, both for Respondents.

———————

**PER CURIAM:**  Mark Rutland, acting as power of attorney for Mary Hoover, appeals the circuit court's dismissal of his action against Jeremy Locklair and Orangeburg Post Acute LLC d/b/a Edisto Post Acute (Edisto) pursuant to Rule 12(b)(6) of the South Carolina Rules of Civil Procedure.  On appeal, Rutland argues the circuit court erred in dismissing his action for failing to comply with the pre-litigation requirements for medical malpractice actions under section 15-79-125 of the South Carolina Code (Supp. 2023).  We affirm in part and reverse in part.

We affirm the circuit court's dismissal of the claims against Edisto to the extent the complaint raises allegations of medical malpractice because Rutland failed to file the statutorily mandated notice of intent to file suit and expert affidavit.  *See Grimsley v. S.C. Law Enf't Div.*, 396 S.C. 276, 281, 721 S.E.2d 423, 426 (2012) ("On appeal from the dismissal of a case pursuant to Rule 12(b)(6), an appellate court applies the same standard of review as the [circuit] court." (quoting *Rydde v. Morris*, 381 S.C. 643, 646, 675 S.E.2d 431, 433 (2009))); *id.* ("That standard requires the Court to construe the complaint in a light most favorable to the nonmovant and determine if the facts alleged and the inferences reasonably deducible from the pleadings would entitle the plaintiff to relief on any theory of the case." (quoting *Rydde*, 381 S.C. at 646, 675 S.E.2d at 433)); *id.* ("If the facts alleged and inferences deducible therefrom would entitle the plaintiff to any relief, then dismissal under Rule 12(b)(6) is improper."); § 15-79-125(A) ("Prior to filing or initiating a civil action alleging injury or death as a result of medical malpractice, the plaintiff shall contemporaneously file a Notice of Intent to File Suit and an affidavit of an expert witness . . . ."); S.C. Code Ann. § 15-79-110(6) (Supp. 2023) ("'Medical malpractice' means doing that which the reasonably prudent health care provider or health care institution would not do or not doing that which the reasonably prudent health care provider or health care institution would do in the same or similar circumstances."); S.C. Code Ann. § 15-79-110(3) (Supp. 2023) ("'Health care provider' means a physician, surgeon, osteopath, nurse, oral surgeon, dentist, pharmacist, chiropractor, optometrist, podiatrist, or any similar category of licensed health care provider . . . .").

However, we reverse the circuit court's dismissal of the claims against Locklair to the extent the complaint raises allegations of ordinary negligence.  *See Dawkins v. Union Hosp. Dist.*, 408 S.C. 171, 176, 758 S.E.2d 501, 503-04 (2014) ("[T]he distinction between medical malpractice and negligence claims is subtle; there is no rigid analytical line separating the two causes of action." (quoting *Estate of French v. Stratford House*, 333 S.W.3d 546, 555 (Tenn. 2011))); *id.* at 176, 758 S.E.2d at 504 (explaining the distinction between medical malpractice and ordinary

negligence "depends heavily on the facts of each individual case" (quoting *Estate of French*, 333 S.W.3d at 556)); *id.* at 177-78, 758 S.E.2d at 504 (explaining an action sounds in ordinary negligence if the injury arose from "nonmedical, administrative, ministerial, or routine care" (quoting *Kujawski v. Arbor View Health Care Ctr.*, 407 N.W.2d 249, 252 (Wis. 1987))); *id.* at 177, 758 S.E.2d at 504 (explaining that, conversely, "if the patient receives allegedly negligent professional medical care, then expert testimony as to the standard of that type of care is necessary, and the action sounds in medical malpractice"). Our disposition does not preclude further litigation at the summary judgment stage.[1]

**AFFIRMED IN PART AND REVERSED IN PART.**[2]

**THOMAS, MCDONALD, and VERDIN, JJ., concur.**

---

[1] Rutland also argues the notice of intent to file suit and expert affidavit filed in a previous action fulfilled this requirement. We find this argument is without merit.

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.