**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Elizabeth Denice McLeod, Appellant,

v.

Dillon County, City of Latta, Kernard Redmond and Derrick Cartwright, Defendants,

Of which Dillon County is the Respondent.

Appellate Case No. 2024-000183

---

Appeal From Dillon County
Michael S. Holt, Circuit Court Judge

---

Unpublished Opinion No. 2025-UP-342
Submitted September 1, 2025 – Filed October 8, 2025

---

**AFFIRMED**

---

David E. Rigney, of Surfside Beach, for Appellant.

David Leon Morrison, of Morrison Law Firm, LLC, of Columbia, for Respondent.

---

**PER CURIAM:** Elizabeth McLeod appeals the circuit court's order dismissing her complaint pursuant to Rule 12(b)(6) of the South Carolina Rules of Civil Procedure. On appeal, she argues the court erred in (1) finding Dillon County was

immune to suit, and (2) finding she failed to file within the timeframe of the applicable statute of limitations. We affirm pursuant to Rule 220(b), SCACR.

Viewing the complaint in the light most favorable to McLeod, we hold the circuit court did not err in granting Dillon County's Rule 12(b)(6) motion to dismiss. *See Rydde v. Morris*, 381 S.C. 643, 646, 675 S.E.2d 431, 433 (2009) ("On appeal from the dismissal of a case pursuant to Rule 12(b)(6), an appellate court applies the same standard of review as the trial court."); *Bergstrom v. Palmetto Health All.*, 358 S.C. 388, 395, 596 S.E.2d 42, 45 (2004) ("In deciding whether [a circuit] court properly granted [a] motion to dismiss, the appellate court must consider whether the complaint, viewed in the light most favorable to the plaintiff, states any valid claim for relief."); *Spence v. Spence*, 368 S.C. 106, 116, 628 S.E.2d 869, 874 (2006) ("Under Rule 12(b)(6), SCRCP, a defendant may move to dismiss a complaint based on a failure to state facts sufficient to constitute a cause of action."); *id.* ("A motion to dismiss under Rule 12(b)(6) should not be granted if facts alleged and inferences reasonably deducible therefrom entitle the plaintiff to relief under any theory."). McLeod's claims for negligence, libel, and libel per se based on an error on her sentencing sheet fall within judicial or quasi-judicial action or inaction, or an administrative action of a judicial or quasi-judicial nature; accordingly, Dillon County is immune pursuant to the South Carolina Tort Claims Act. *See* S.C. Code Ann. § 15-78-20(b) (2005) (providing the South Carolina Tort Claims Act is the "exclusive civil remedy available for any tort committed by a governmental entity, its employees, or its agents . . ."); S.C. Code Ann. § 15-78-60(1)-(2) (2005) ("The governmental entity is not liable for a loss resulting from: (1) legislative, judicial, or quasi-judicial action or inaction; (2) administrative action or inaction of a legislative, judicial, or quasi-judicial nature; . . . ."). Although Dillon County initially pled immunity pursuant to a subsection that included a gross negligence standard in its answer, the standard is not imputed into the remaining immunity provisions that did not include such a standard because the subsection was ultimately inapplicable. *See Repko v. Cnty. of Georgetown*, 424 S.C. 494, 507, 818 S.E.2d 743, 750 (2018) ("[I]n order for the gross negligence standard from one immunity provision to be read into an immunity provision that does not contain a gross negligence standard, the immunity provision containing the gross negligence standard must first apply to the case.").[1]

_____

[1] Because we hold Dillon County was immune pursuant to the South Carolina Tort Claims Act, we have not addressed McLeod's remaining argument that the circuit court erred by finding the applicable statute of limitations also barred her claims. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518

**AFFIRMED.**[2]

**WILLIAMS, C.J., and THOMAS and CURTIS, JJ., concur.**

S.E.2d 591, 598 (1999) (explaining an appellate court does not need to address remaining issues when its resolution of a prior issue is dispositive of the appeal).

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.